## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 21-CR-28-APM** |
| | ) | |
| **GRAYDON YOUNG,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO CONTINUE AND TO EXCLUE TIME UNDER THE SPEEDY TRIAL ACT

The Defendant, Graydon Young, by and through counsel, Desiree Wilson and Robert D. Foley, oppose the Government's Motion to Continue and Exclude Time Under the Speedy Trial Act on the basis that the ends of justice served by granting the motion do not outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors set forth in 18 U.S.C. § 3161(h)(7)(A) and (B)(i), (ii), and (iv). In support of his opposition, Mr. Young states as follows:

### I.    Factual Background

Mr. Young was charged by complaint February 11, 2021. A superseding indictment was filed February 19, 2021, and a second superseding indictment was filed March 12, 2021. Mr. Young has been held without bond since February 15, 2021. The second superseding indictment contains five (5) counts relevant to Mr. Young, alleging he violated 18 U.S.C. § 371 (Conspiracy), 18 U.S.C. §§ 1512(c)(2), 2 (Obstruction of an Official Proceeding, and Aiding and Abetting), 18 U.S.C. §§ 1361, 2 (Destruction of Government Property and Aiding and Abetting), 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds), and 18 U.S.C. § 1512(c)(1) (Tampering with Documents or Proceedings).

While the Government states over 300 individuals have been charged in connection with the events of January 6, 2021, 300 defendants are not part of Mr. Young's case.  Mr. Young's case involves ten (10) defendants (including Mr. Young).  Doc. # 73, p. 2; Doc. # 77.  The Government states it expects at least 100 additional defendants to be charged.  *Id.*  However, the Government also clarified during Mr. Young's arraignment that it expected to charge only one (1) to five (5) additional defendants in Mr. Young's case.  Since the arraignment, one (1) defendant has been added by way of a second superseding indictment.  Doc. # 77.  Additionally, the Government states the spectrum of crimes presently being investigated includes ten (10) or more different types of crimes.  *Id.*  Again, however, in Mr. Young's case, ten (10) different types of crimes are not involved; the superseding indictment charges only five (5) distinct crimes.  Doc. # 77.  Similarly, in terms of the volume of discovery and the magnitude of the Government's investigation, Mr. Young does not doubt the Government has gathered an enormous volume of discovery materials while conducting a vast amount of investigative activity – when countless cases in addition to Mr. Young's case are taken into account.  Doc. # 73, p. 2.  However, when this particular case alone is examined, that volume of discovery is significantly decreased.  The Government has not disclosed with specificity the volume of discovery which relates to this case in particular.  *Id.* at 2-3.

The Government highlights the number of law enforcement agencies involved in investigating the events of January 6, 2021.  Doc. # 73, pp. 2-3.  The fact that many law enforcement agencies and entities are involved also increases the number of individuals the Government has at its disposal in terms of manpower, processing the materials, organizing the materials, and preparing the materials for production.  It is not as though the Government will have to rely upon one agent to conduct all continuing investigation, organize all investigative materials, produce all materials to the Government, or, for that matter, upon one Assistant United States

Attorney to review the materials and produce them to the defendants.  The Government's motion, in fact, highlights the enormous resources the Government has at its disposal to handle the investigation and discovery at issue in this case.

The Government's motion involves *this* case and the defendants who are actually involved in this case; not the other cases the Government is currently handling.  Consideration of whether the ends of justice served by granting the motion outweigh the public's and the defendants' interests in a speedy trial, this Court will consider the complexity of this case – not the complexity of other cases which the Government is presently handling.

## II.    Argument

Section 3161 of Title 18, United States Code requires that trial commence within seventy (70) days from the filing date of the information or indictment, or from the date the defendant first appears before a judicial officer of the court in which the charge is pending, whichever is later.  18 U.S.C. § 3161(c)(1).  "A criminal defendant's right to a speedy trial is 'one of the most basic rights preserved by our Constitution.'  *Klopfer v. North Carolina*, 386 U.S. 213, 226, 87 S. Ct. 988, 995, 18 L. Ed. 2d 1 (1967). Congress chose to safeguard this important right through the rigid procedural requirements of the Speedy Trial Act."  *United States v. Ammar*, 842 F.3d 1203, 1212-1213 (2016).

The Speedy Trial Act excludes certain periods of time for purposes of computing the time within which trial must commence.  Among those exclusions is an exclusion for time periods in which the court makes a finding that the ends of justice outweigh the defendants' and the public's interest in a speedy trial.  *Id.* at § 3161(h)(7)(A).  The following statutory factors are to be considered in making the determination about whether the ends of justice served by granting the

continuance sought by the Government outweigh Mr. Young's, the co-defendants' and the public's best interests in a speedy trial:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b) [18 USCS § 3161(b)] or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).  The list of factors is not exhaustive.  *Id.*  When these factors are considered and weighed against Mr. Young's and the public's interest in a speedy trial, the balance weighs in favor of denying the Government's motion to continue and to exclude time under the Speedy Trial Act.

The Government argues a continuance is warranted pursuant to sections (i), (ii), and (iv) of 18 U.S.C. § 3161(h)(7)(B).  In doing so, it focuses upon pretrial preparation time; specifically, the volume of discovery it must process in this case.  Doc. # 73, pp. 6-8.  The Government has enormous resources available to it as it processes the investigative materials, analyzes the materials for production purposes, and produces them.  The Government has the ability to utilize an army of prosecutors, paralegals, legal assistants, and investigators to accomplish these tasks.  In fact, the

Government acknowledged the army of investigators it has at its disposal in its motion.  The Government states that at least fourteen (14) law enforcement agencies were involved in the events of January 6, 2021, and that even more local, state, and federal agencies and field offices have been involved in investigations related to the events.  Doc. # 73, pp. 2-3.  Each of these agencies has staff of their own who will assist the Government with the preparation of investigative materials for production in discovery.  With the exercise of due diligence and the efficient use of the enormous resources which the Government has at its disposal, the Government will have adequate time to effectively prepare the case for trial.

There is no doubt (and Mr. Young does not contest) that discovery will be voluminous and that all parties will need adequate time to process, analyze, and make effective use of the discovery. However, this case (as opposed to the collective entirety of all of the cases the Government is presently handling relating to the events of January 6, 2021) is not so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or trial itself within the limits prescribed by the Speedy Trial Act – especially when other expected delays due to the COVID-19 pandemic and the presence of nine (9) co-defendants in this case are considered.  18 U.S.C. § 3161(h)(7)(B)(ii), (iv).  Nor is the case so complex that failure to grant the Government's request for a continuance would result in a miscarriage of justice.  *Id.* at § 3161(h)(7)(B)(i).  When the expected delays in this case due to the COVID-19 pandemic are taken into account, adequate time remains for the Government and all defendants to prepare for trial.  In the least, the Government's motion for excludable delay on the basis of needing additional time for pre-trial preparation is premature – Mr. Young was arraigned mere days prior to the Government filing its motion requesting a continuance.

Additionally, Mr. Young also has an interest which must be acknowledged, weighed, and protected.  This Honorable Court must determine whether the interests served by granting the Government's requested continuance outweigh Mr. Young's (and the public's) right to a speedy trial.  Part of Mr. Young's interest in a speedy trial in this regard is directly tied to the fact that he is subject to pre-trial detention without bond.  Mr. Young enjoys a presumption of innocence, has no criminal history whatsoever (aside from one conviction for driving a motorcycle without a license), and has entered pleas of not guilty to every count with which he has been charged.  Being detained and held without bond has caused significant emotional distress to Mr. Young, and will continue to do so.  He has a right to a speedy trial, and that right recognizes that pre-trial detention and a lengthy period of delay leading up to trial only magnifies the stress, uncertainty, and psychological pressure and damage to which a defendant in custody is subject.

While *Strunk v. United States*, 412 U.S. 434, 439 (1973) involved a defendant who was held in custody on charges other than the charges at issue, the case nonetheless recognized the significant emotional burden placed upon a detained defendant by a looming trial:

> The speedy trial guarantee recognizes that a prolonged delay may subject the accused to an emotional stress that can be presumed to result in the ordinary person from uncertainties in the prospect of facing public trial or of receiving a sentence longer than, or consecutive to, the one he is presently serving -- uncertainties that a prompt trial removes.

*Strunk v. United States*, 412 U.S. 434, 439 (1973) (citing *Smith v. Hooey*, 393 U.S. 374, 379 (1969); *United States v. Ewell*, 383 U.S. 116, 120 (1966)).  In *Strunk*, the Court analyzed the defendant's Sixth Amendment right to a speedy trial, rather than his statutory speedy trial rights set forth in 18 U.S.C. § 3161 *et seq*.  However, because this Court must balance the interests served by the continuance the Government seeks against Mr. Young's interest in a speedy trial, the case is instructive on the nature of Mr. Young's interest in a speedy trial.  Mr. Young's stress and anxiety

is even greater than that recognized in *Strunk* because Mr. Young is being detained only due to the pending charges in this case – he does not have other charges or convictions which hold him in custody.   The anxiety and psychological burden placed upon a defendant by lengthy pretrial incarceration was also recognized in *Doggett v. United States*, 505 U.S. 647, 654 (1992):

> We have observed in prior cases that unreasonable delay between formal accusation and trial threatens to produce more than one sort of harm, including "oppressive pretrial incarceration," "anxiety and concern of the accused," and "the possibility that the [accused's] defense will be impaired" by dimming memories and loss of exculpatory evidence. . . . Of these forms of prejudice, "the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.

*Doggett v. United States*, 505 U.S. 647, 654 (1992) (citing references omitted).   The Court in *Doggett*, too, analyzed the defendant's right to a speedy trial pursuant to the Sixth Amendment to the United States Constitution.   However, the concerns presented in *Doggett* are equally applicable to Mr. Young as the Court weighs Mr. Young's interests in a speedy trial.   The pre-trial incarceration Mr. Young will face if he continues to be detained and the Government's motion for excludable delay is granted creates the anxiety and oppression recognized by *Doggett*.   *Doggett*, 505 U.S. at 654.

In light of the fact that this case involves nine (9) co-defendants and voluminous discovery, other permissible excludable delays in the speedy trial timeline are already expected.   Additionally, this case exists at a time when trials are regularly continued and delayed due to the COVID-19 pandemic.   The latest standing order regarding the COVID-19 pandemic notes that jury trials are to be conducted on a limited basis.   United States District Court for the District of Columbia Standing Order 21-10, pp. 4-5.   For those trials which cannot be conducted consistent with the health and safety protocols and limitations, the time period between March 15, 2021 and August 31, 2021 shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).   *Id.*   In light of

the already expected excludable delays, granting the Government's request for additional excludable delay will create, for Mr. Young, the "oppressive pretrial incarceration" contemplated in *Doggett*.  *Doggett*, 505 U.S. at 654.

Already, the threat and uncertainty surrounding a lengthy period of pre-trial incarceration is placing a significant and damaging psychological burden on Mr. Young.  If delays in addition to the already expected excludable delays and COVID-19 pandemic delays are granted, the anxiety, concern, and burden on Mr. Young is expected to be enormous – so enormous that it may ultimately impair his ability to meaningfully assist in his defense and to defend himself at trial.

Importantly, *Doggett* recognized that a defendant's right to a speedy trial involves more than consideration for the "anxiety and concern" of the defendant, and more than the psychological pressures and damage caused by "oppressive pretrial incarceration."  *Doggett,* 505 U.S. at 654. *Doggett* recognized that excessive pre-trial delays can actually impair a defendant's ability to defend at trial due to dimming memories and loss of exculpatory evidence.  If the psychological damage and stress caused to Mr. Young by excessive pretrial incarceration is insufficient to overcome the balance of factors weighing in favor of granting the Government's motion for a continuance, certainly the danger of denying Mr. Young his ability to adequately defend at trial is. When the Government's motion for a continuance is paired with the already expected excludable delays in this case due to the number of co-defendants and the COVID-19 pandemic, Mr. Young's defense is expected to also be prejudiced due to dimming memories and the loss of exculpatory evidence.

On balance, the statutory factors outlined in 18 U.S.C. §§ 3161(h)(7)(A) and (B)(i)(ii), and (iv) weigh in favor of denying the Government's Motion to Continue and to Exclude Time Under the Speedy Trial Act.  Mr. Young's right to a speedy trial outweighs the factors set forth by the Government in its motion, and the motion should therefore be denied.

Respectfully Submitted,


/s/ Desiree Wilson
Desiree Wilson
Counsel for the Defendant, Graydon Young
Bar # FL 0061
Robert Foley Law Firm, Of Counsel
2259 Cleveland Avenue
Fort Myers, FL  33901
Phone: (239) 286-2905
dwilson@robertfoleylaw.com


/s/ Robert D. Foley
Robert D. Foley
Counsel for the Defendant, Graydon Young
FL Bar # 0119153
Robert Foley Law Firm
2259 Cleveland Avenue
Fort Myers, FL  33901
Phone: (239) 690-6080
bob@robertfoleylaw.com