UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE No. 8:21-mj-1148-TGW

GRAYDON YOUNG

## ORDER OF DETENTION

THIS CAUSE came on to be heard at the time of the defendant's detention hearing. For the following reasons, the defendant should be detained without bail.

The defendant has been indicted in five counts of a six-count indictment which charges him with offenses related to conspiring to obstruct, and the obstruction of, Congress's certification of the Electoral College vote, in violation of 18 U.S.C. 371, 1512(c) (2), 2; 1752(a)(1); 1512(c)(1), 1361, 2. Count Three of the indictment creates a rebuttable presumption that no condition of release, or combination of conditions of release, will reasonably assure the appearance of the defendant, or the safety of the community, if there

is probable cause to believe that the defendant committed that offense. 18 U.S.C. 3142(e)(3)(C).[1]

By virtue of the indictment returned against the defendant, probable cause has been established to believe that the defendant committed the offenses alleged in the indictment. Accordingly, there is a rebuttable presumption that no condition of release will reasonably assure the appearance of the defendant or the safety of the community.

The government requested that the defendant be detained as a threat to flee and a danger to the community. The defendant concedes that there is a rebuttable presumption as to count three of the indictment, but contends that he has rebutted the presumption.

Defense counsel argued that the defendant is not a threat to flee because of his significant ties to this area, including ownership of a business with his wife, and the presence of immediate and extended family in the area.

---

[1] Count three of the indictment charges the defendant with destruction of Government property in excess of $1000, in violation of 18 U.S.C. 1361.
Section 3142(e)(3) (C) of Title 18 states that the rebuttal presumption applies when there is probable cause to believe that the person committed an offense listed in 18 U.S.C. 2332b(g)(5)(B) for which there is a maximum term of imprisonment of 10 years or more. Section 2332b(g)(5)(B) lists federal crimes of terrorism, including the violation of §1361, and section 1361 proscribes a maximum term of 10 years if the property damage exceeded the sum of $1,000.

Because the defendant has strong ties to this area, and the government's contention that he is a threat to flee because the defendant owns rental property in Tennessee is unpersuasive, I find that the defendant has rebutted the presumption that he is a threat to flee.

However, the defendant has not rebutted the presumption that there are no conditions of release that will reasonably assure the safety of the community. As I stated at the hearing, the attack on the Capitol by the Oath Keepers organization, of which the defendant was a member and participated in, was inconceivable to me. At the hearing, the defendant attempted to rebut the presumption that he is a danger to the community by arguing that he was "duped" into joining the Oath Keepers, and that his role in the Capitol rioting was limited. More specifically, the defendant argued that he was unaware of the organization's nefarious purpose when he joined Oath Keepers and was duped into participating in the attack on the Capitol.

However, the government's presentation refuted the defendant's contention. Thus, the government represented that, on January 4, 2021, two days before the incident at the Capitol, the defendant had forwarded to his sister (whom he had encouraged to join the Oath Keepers) an email from the

-3-

Oath Keepers founder which stated, among other things, that, "patriots you must prepare yourself for whatever may come" and "prepare your mind, body and spirit for battle." Additionally, after the defendant joined Oath Keepers, and about two weeks before the attack on the Capitol, the defendant sought military-type training, which he also recommended to the Oath Keepers. When the defendant and co-conspirators subsequently appeared at the Capitol on January 6, 2021, they were wearing paramilitary battle gear and protective equipment (including tactical helmets and goggles), These circumstances are not indicative of an intent to peacefully protest. They indicate intentional preparation for violence.

Moreover, following the incident at the Capitol, the defendant posted on his Facebook account that "We stormed and got inside." This posting does not suggest that the defendant was someone who was duped into participating in nefarious conduct. There was no expression of regret or remorse; to the contrary, the posting suggests that the defendant believed the group had been successful in achieving their goals.

In sum, these circumstances refute the defendant's argument that he was unaware of the Oath Keepers nefarious intent and that he was

-4-

essentially "duped" into following the organization's plans. Rather, this evidence indicates that the defendant's conduct was intentional and purposeful.

Furthermore, although the defendant argues he played a limited role in this incident, the indictment allegations do not indicate that the defendant played a minor role. Although the defendant argues that the circumstances can be viewed another way, that it is an argument for the jury. Consequently, the defendant has not rebutted the presumption that he is a danger to the community.

Finally, I have no basis upon which to fashion conditions of release to reasonably protect the community from danger presented by the defendant. Thus, because this attack was inconceivable to me, I cannot fashion conditions of release that will reasonably protect the community from other inconceivable danger created by the defendant. Notably, defense counsel did not offer at the hearing a specific proposal for the defendant's release.

It is, therefore, upon consideration,

ORDERED:

1. That defendant GRAYDON YOUNG shall be DETAINED without bail.

2. That the defendant is hereby COMMITTED to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. That the defendant shall be afforded reasonable opportunity for private consultation with counsel.

4. That the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to the United States Marshal for the purpose of appearing in court.

DONE and ORDERED at Tampa, Florida, this 23rd day of January, 2021.

*Thomas G. Wilson*
_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE