**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | No.   1:21-cr-28 (APM) |
| ) | |
| **GRAYDON YOUNG,** ) | |
| Defendant. ) | |

**GOVERNMENT'S UNOPPOSED MOTION TO**
**WITHDRAW DETENTION REQUEST**

On February 23, 2021, Magistrate Judge Thomas G. Wilson of the United States District Court for the Middle District of Florida granted the government's motion to detain Defendant Graydon Young pending trial.  (ECF 15, Case No. 8:21-mj-01148-TGW (M.D. Fla.).)  On March 22, 2021, Defendant Young moved this Court, pursuant to 18 U.S.C. § 3145(b), to revoke Judge Wilson's detention order.  (ECF 95.)

On March 24 and 26, 2021, this Court considered bond-review motions from co-defendants Laura Steele, Connie Meggs, Donovan Crowl, and Kelly Meggs, and on March 26, 2021, the D.C. Circuit issued its opinion in *United States v. Eric Munchel*, No. 21-3010.  With the benefit of the Court's decisions with respect to the co-defendants, and in light of the D.C. Circuit's guidance and the government's continuing investigation and evaluation of the evidence, the government has determined that the interests of justice would be better served if Defendant Young were released from custody and placed on home confinement subject to the same conditions that the Court imposed on co-defendants Steele, Connie Meggs, and Crowl.

Defendant Young's case presents some of the "plus" factors the Court referenced in its decision to detain co-defendant Kelly Meggs, namely that Defendant Young recruited others (his sister co-defendant Steele), financed others' travel (co-defendant Steele's shared hotel room), and tried to hide his actions (deleting his Facebook account, for which he has been indicted for

violating 18 U.S.C. § 1512(c)(1)). On the other hand, Defendant Young does not appear to have played a leadership role among his co-conspirators or to have himself been in advance contact with any other groups or individuals planning for violence in Washington, D.C., on January 6. Moreover, Defendant Young does not appear to have personally brought weapons to the Washington, D.C, area.

Evaluating the factors in Section 3142(g) with respect to Defendant Young, the government believes that there exists a combination of conditions that can assure the safety of the community: home incarceration with GPS monitoring, no access to electronic communication devices that would allow communication through encrypted or non-encrypted applications, no contact with anyone associated with the Oath Keepers (including co-defendant Steele), not possess any firearms or destructive devices, be restricted to the Middle District of Florida, and report weekly to pretrial services. The government submits that the precise terms of release should mirror the terms imposed on co-defendants Steele, Connie Meggs, and Crowl.

Counsel for Defendant Young does not oppose the relief sought in this motion.

Respectfully submitted,

CHANNING D. PHILLIPS
ACTING UNITED STATES ATTORNEY

By: *[signature: Jeffrey Nestler]*

Jeffrey S. Nestler
Assistant United States Attorney
D.C. Bar No. 978296
Ahmed M. Baset
Troy A. Edwards, Jr.
Jeffrey S. Nestler
Kathryn Rakoczy
Assistant United States Attorneys
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530

*/s/ Alexandra Hughes*

Alexandra Hughes

Justin Sher

Trial Attorneys
National Security Division
United States Department of Justice
950 Pennsylvania Avenue
NW Washington, D.C. 20004