IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,      )
                           )
        Plaintiff,      )
                           )   CR No. 21-28-6
                           )   Washington, D.C.
      vs.             )   June 23, 2021
                           )   2:00 p.m.
GRAYDON YOUNG,           )
                           )   REDACTED
        Defendant.      )
_____)


TRANSCRIPT OF PLEA AGREEMENT HEARING PROCEEDINGS
BEFORE THE HONORABLE AMIT P. MEHTA
UNITED STATES DISTRICT JUDGE


APPEARANCES:

For the Government:        Jeffrey S. Nestler
                            U.S. ATTORNEY'S OFFICE
                            555 Fourth Street, NW
                            Washington, D.C. 20530
                            (202) 252-7277
                            Email:
                            jeffrey.nestler@usdoj.gov

APPEARANCES CONTINUED:

For the Defendant:          Desiree Wilson
                            DESIREE WILSON, ESQ.
                            1030 SE 9th Ave. #152412
                            Cape Coral, FL 33990
                            (239) 286-2905
                            Email:  dwilson@
                            federalattorneyflorida.com

                            Robert Denis Foley
                            ROBERT FOLEY LAW PA
                            2259 Cleveland Avenue
                            Fort Myers, FL 33901
                            239-690-6080
                            Email: bob@robertfoleylaw.com

Court Reporter:             William P. Zaremba
                            Registered Merit Reporter
                            Certified Realtime Reporter
                            Official Court Reporter
                            E. Barrett Prettyman CH
                            333 Constitution Avenue, NW
                            Washington, D.C. 20001
                            (202) 354-3249

Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription

```
1                        P R O C E E D I N G S

2              COURTROOM DEPUTY:  All rise.

3              THE COURT:  Good afternoon, everyone.  Please be

4    seated.

5              COURTROOM DEPUTY:  Your Honor, this is Criminal

6    Case No. 21-28-6, the United States of America versus

7    Graydon Young.

8              Jeffrey Nestler for the government.

9              Desiree Wilson and Robert Foley for the defense.

10             THE COURT:  All right, Counsel.  Good afternoon.

11             Mr. Young, good afternoon to you, sir.

12             Okay.  So I understand that -- well, before we

13   begin, I'm going to just ask both sides if you would just

14   pick up the phone and turn this to, I guess it's channel A.

15   And this portion of the hearing will be under seal, so I'll

16   just if the public line is open, can we just shut it off for

17   a moment?

18             (Sealed bench conference)

19

20

21

22

23

24

25
```

1

2

3

4

5

6

7

8

9          (Open court)

10         THE COURT:  Okay.

11         So with that clarification or confirmation, let's

12   go ahead and we'll be back on the public record and

13   reconnect the public line.

14         All right.  We're all set to go.

15         Okay.  So do I understand correctly that Mr. Young

16   is prepared to enter a plea this afternoon?

17         MR. FOLEY:  Yes, Your Honor, that's correct.

18         THE COURT:  Okay.

19         So, Counsel, before we get to the colloquy,

20   Mr. Foley, let me just confirm a couple of things, and these

21   are just to confirm that the defendant agrees that the

22   Statement of Facts supports some of the -- particularly the

23   elements -- or he's not challenging the underlying legal --

24   that the legal elements have been satisfied about just a

25   couple of elements here and then we'll get into this, but

1    I just want to confirm that there's no legal objection or

2    there's not any contest that the certification of the

3    Electoral College vote constitutes an official proceeding

4    for purposes of the obstruction statute?

5              MR. FOLEY:  That is correct, Your Honor, there is

6    no objection.

7              THE COURT:  Okay.

8              And that you also agree that the offense in this

9    case did involve causing or threatening to cause physical

10   injury to a person or property damage in order to obstruct

11   the administration of justice?

12             MR. FOLEY:  That is correct, Your Honor.

13             THE COURT:  And that's for purposes of the

14   Sentencing Guidelines.

15             And then finally, I want to just confirm that

16   everybody's in agreement that for purposes of the

17   substantial interference with administration of justice,

18   two-level increase, that we're all in agreement that the

19   applicable provision there is that this offense caused

20   unnecessary expenditure of substantial government resources?

21             MR. FOLEY:  The defense is in agreement,

22   Your Honor.

23             THE COURT:  Okay.

24             MR. NESTLER:  Yes, Your Honor.

25             And I believe Your Honor said a two-level

1    increase.  That's a three-level increase.

2              THE COURT:  If I misspoke, yes, then the

3    three-level increase is what I meant.

4              Terrific.  I just wanted to get that out of the

5    way and confirm that for the record.

6              So unless -- is there anything anybody wants to

7    raise before I proceed to the colloquy with Mr. Young?

8              MR. FOLEY:  Nothing from the defense, Your Honor.

9              THE COURT:  All right.

10             So I'll just ask counsel and Mr. Young, if you'll

11   just stand up and approach the lectern over here in front of

12   the defense table.  Yes, right there is perfect, Mr. Young.

13             All right.  So, Mr. Young, I understand that you

14   wish to enter a plea of guilty; is that correct, sir?

15             THE DEFENDANT:  Yes, sir, that's correct.

16             THE COURT:  All right.

17             Now, in order for me to accept your guilty plea,

18   Mr. Young, I need to ask you a series of questions.  Those

19   questions are designed to satisfy me that you understand

20   what the basic terms are of your plea agreement and that you

21   know what rights you're giving up by entering the plea,

22   okay?

23             THE DEFENDANT:  Yes, sir.

24             THE COURT:  Now, if at any point in time,

25   Mr. Young, you don't understand a question that I've asked

1  you, feel free to ask me to repeat myself; is that

2  understood?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  And if you need to consult with your

5  counsel before you answer a question, you are welcome to do

6  that as well.

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  All right.

9          Now, Mr. Young, I'm required to place you under

10  oath before I start asking you these questions.  So

11  I'm going to ask you to raise your right hand and the

12  Courtroom Deputy will swear you in.

13          COURTROOM DEPUTY:  Raise your right hand.

14          (Defendant is placed under oath.)

15          COURTROOM DEPUTY:  Thank you.

16          THE COURT:  Now, Mr. Young, you are now placed

17  under oath, and what that means, sir, is that if you testify

18  falsely, you could be prosecuted for perjury or making false

19  statements.  Do you understand that?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  And what is your date of birth,

22  Mr. Young?

23          THE DEFENDANT:  April 5th, 1966.

24          THE COURT:  And how far did you go in school, sir?

25          THE DEFENDANT:  I attained a master's degree, an

1    MBA.

2              THE COURT:  And have you taken any drugs or

3    medications or anything else in the last two days that might

4    make it difficult for you to follow these court proceedings?

5              THE DEFENDANT:  No, sir.

6              THE COURT:  And is there any other reason that you

7    can think of that might make it difficult for you to follow

8    these proceedings?

9              THE DEFENDANT:  None, sir.

10             THE COURT:  All right.

11             Does counsel for either side have any reason to

12   question Mr. Young's competence to enter a plea at this

13   time?

14             MR. NESTLER:  No, Your Honor.

15             MR. FOLEY:  None from the defense, Your Honor.

16             THE COURT:  All right.

17             Then based upon the inquiries that I've made, as

18   well as the representations of counsel, I find that

19   Mr. Young is fully competent and capable of entering an

20   informed plea.

21             Were you born in the United States, Mr. Young?

22             THE DEFENDANT:  I was born in San Bernardino,

23   California, sir.

24             THE COURT:  Okay.

25             Now, have you had enough time to talk with your

1  lawyer, Mr. Young, about the plea that you intend to enter

2  this afternoon?

3          THE DEFENDANT:  Yes, sir, I have.

4          THE COURT:  And are you satisfied with the

5  services that your lawyer has provided you?

6          THE DEFENDANT:  Absolutely.

7          THE COURT:  All right.

8          Now, I understand from your counsel that instead

9  of going to trial, you wish to plead guilty to two counts of

10 the fourth superseding indictment; that is, Count 1, which

11 charges you with conspiracy, in violation of 18 U.S.C. 371;

12 and Count 2, which charges you with obstruction of an

13 official proceeding, in violation of 18 United States Code

14 1512(c)(2).  Is that correct, sir?

15         THE DEFENDANT:  Yes, sir, it's correct.

16         THE COURT:  Now, Mr. Young, do you have your plea

17 agreement in front of you, sir?

18         THE DEFENDANT:  Yes, sir, I do.

19         THE COURT:  I'm going to ask you to just take a

20 look at that document; it's a 13-page document, Mr. Young.

21 Is that the plea agreement into which you have entered,

22 Mr. Young?

23         THE DEFENDANT:  Yes, sir, it is.

24         THE COURT:  And, Mr. Young, if you would turn to

25 page 13 of that document, is that your signature that

1  appears on this document?

2          THE DEFENDANT:  Yes, sir, that's my signature.

3          THE COURT:  Okay.

4          Now, Mr. Young, have you had an opportunity to

5  read this document or have you it read to you, sir?

6          THE DEFENDANT:  I've read it several times, sir.

7          THE COURT:  And any questions that you may have

8  about this document, have you had those questions answered

9  to your satisfaction?

10          THE DEFENDANT:  Yes, sir.  My attorney has

11  answered all of my questions.

12          THE COURT:  All right.

13          Now, Mr. Young, I'm going to go over this

14  agreement with you.  I'm not planning to go over every

15  single paragraph and every sentence of the agreement, okay?

16  What I'm going to do is I'm going to go over those portions

17  of the agreement that I'm required to by rule.  Understood?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  Now, just because I don't go over a

20  particular part of this agreement, Mr. Young, that does not

21  mean that you are not bound by each and every promise that

22  you've made in this agreement.  Is that understood?

23          THE DEFENDANT:  Yes, sir, I understand.

24          THE COURT:  All right.

25          Now, Mr. Young, the first thing I'm going to go

1   over is what I just generically call the non-sentencing

2   terms of the plea; that is, what you're agreeing to plead

3   guilty to and what the government is agreeing to do in

4   exchange.  We'll then turn to the sentencing terms of the

5   plea agreement, okay?

6               THE DEFENDANT:  Okay.

7               THE COURT:  All right.

8               You've agreed, as part of this plea agreement,

9   Mr. Young, to plead guilty to Count 1 of the indictment,

10  which charges you with conspiracy, in violation of 18 U.S.C.

11  371; and Count 2, which charges you with obstruction of an

12  official proceeding, in violation of 18 U.S.C. 1512(c)(2).

13              Additionally, you have agreed that the separate

14  document, which is titled statement of offense, which

15  we will talk about momentarily, fairly and accurately

16  describes your actions.

17              In exchange, the government has agreed that it

18  will not bring any other charges for the conduct described

19  in the statement of offense; it will move to dismiss the

20  remaining counts of the indictment.  And that finally it

21  will not bring any other charges against you for any

22  non-violent criminal offense that you may have committed, in

23  violation of federal or D.C. law within the

24  District of Columbia, before executing the agreement and

25  about which the U.S. Attorney's Office was made aware by you

1    prior to the execution of the agreement.

2          However, the U.S. Attorney's Office is reserving

3    the right to prosecute you for any crimes of violence that

4    you may have committed either now or in the future.  Is that

5    understood, sir?

6          THE DEFENDANT:  Yes, sir, I understand.

7          THE COURT:  All right.

8          Now, Mr. Young, let's talk about another

9    importance aspect of this agreement before we talk about the

10   sentencing terms.

11         You have promised to provide cooperation, you've

12   promised to cooperate with the United States in this case.

13   Do you understand that?

14         THE DEFENDANT:  Yes, sir, I understand.

15         THE COURT:  And that entails a number of promises,

16   Mr. Young.  Among them -- and I'm not going to detail them

17   all, but among them are, you've agreed to provide testimony

18   before the Grand Jury and at trial.  Do you understand that?

19         THE DEFENDANT:  Yes, sir, I understand.

20         THE COURT:  You've agreed to sit for interviews

21   with law enforcement.

22         THE DEFENDANT:  Yes, sir, I agree.

23         THE COURT:  You also agreed that for any

24   interviews with law enforcement, you've waived your right to

25   counsel but you can request to have counsel present.  Is

1    that understood?

2              THE DEFENDANT:  Yes, sir, I understand that.

3              THE COURT:  You also understand that any

4    statements that you make to the government can be used

5    against you at sentencing.  Is that understood?

6              THE DEFENDANT:  Yes, sir, I understand.

7              THE COURT:  And you also have agreed that you will

8    turn over evidence of any crimes, contraband, and proceeds

9    of crimes, and that you will also identify any assets that

10   are traceable to the offense.

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  And then finally, you've agreed to

13   provide a full and complete accounting of your financial

14   assets.

15             THE DEFENDANT:  Yes, sir.

16             THE COURT:  Okay.

17             Now, let's talk, Mr. Young, about the sentencing

18   terms.

19             The first thing I'm going to do, Mr. Young, is

20   talk about the maximum penalties for the two counts to which

21   you're pleading guilty and then we'll talk about the

22   Sentencing Guidelines, okay?

23             Let's talk about Count 1 for conspiracy.

24   Do you understand, Mr. Young, that the maximum penalty for

25   the charge of conspiracy is a maximum of five years in

1    prison?

2              THE DEFENDANT:  I understand, sir.

3              THE COURT:  And a fine of $250,000?

4              THE DEFENDANT:  Yes, sir.

5              THE COURT:  A term of supervised release of not

6    more than three years?

7              THE DEFENDANT:  I understand.

8              THE COURT:  An obligation to pay orders of

9    restitution?

10             THE DEFENDANT:  Yes, I understand.

11             THE COURT:  And you would be obligated to pay any

12   interest or penalties on any fine that's not been timely

13   paid?

14             THE DEFENDANT:  I understand, sir.

15             THE COURT:  You also would be obligated to pay a

16   $100 Special Assessment to the Court?

17             THE DEFENDANT:  Yes.

18             THE COURT:  With respect to the second count of

19   obstruction of an official proceeding, do you understand

20   that the maximum term is 20 years in prison?

21             THE DEFENDANT:  Yes, sir, I understand.

22             THE COURT:  A maximum fine of $250,000?

23             THE DEFENDANT:  Yes, I understand.

24             THE COURT:  Supervised release of not more than

25   three years?

1          THE DEFENDANT:  I understand, sir.

2          THE COURT:  An obligation to pay orders of

3    restitution?

4          THE DEFENDANT:  I understand.

5          THE COURT:  And an obligation to pay interest or

6    penalties on any fine that's not timely paid?

7          THE DEFENDANT:  Yes, sir, I understand that.

8          THE COURT:  And then finally, you also will owe a

9    second $100 special assessment to the Court, for a total of

10   $200.  Is that understood?

11          THE DEFENDANT:  Yes, sir, I understand.

12          THE COURT:  All right.

13          Now, Mr. Young, those are the maximum penalties

14   associated with the two offenses.

15          I also am required by law to consider what are

16   called the Sentencing Guidelines.  Now, have you had a

17   chance to talk with your lawyer and discuss with your lawyer

18   the Guidelines?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  All right.

21          So the Guidelines in this case, Mr. Young, are, as

22   in every case, they depend on three factors:  Your criminal

23   history, the offenses to which you're pleading, and the

24   facts and circumstances of the offense.  Now, I'm going to

25   go over each of those factors now.

1          First, let's start with your criminal history.

2     It's estimated that -- or it's been determined, or

3     estimated, I should say, that you have no prior criminal

4     history, and as a consequence of that, you would have zero

5     criminal history points and be in Criminal History

6     Category I.  Is that understood?

7          THE DEFENDANT:  Yes, sir, I understand.

8          THE COURT:  Now, Mr. Young, prior to your being

9     sentenced, there will be a probation officer that does

10    what's called a Presentence Report.  Among the things that

11    will be in that Presentence Report is a complete history of

12    any criminal conduct in which you may have engaged.  If it

13    turns out, after I receive that report, Mr. Young, that you,

14    in fact, have more than zero criminal history points and

15    that you're higher than Criminal History Category I, do you

16    understand that that would not be a basis for you to

17    withdraw your plea, sir?

18         THE DEFENDANT:  Yes, sir, I understand.

19         THE COURT:  All right.

20         Let's talk now about the offense level that

21    applies to this -- to these offenses.  The particular

22    Guidelines provision or the main Guidelines provision that

23    controls here is under the U.S. Sentencing Guidelines at

24    2J1.2.

25         The Base Offense Level is a 14.

1   Do you understand, Mr. Young, to that Base Offense Level,

2   you are agreeing that eight levels would apply because this

3   offense involved causing or threatening to cause physical

4   injury to a person or property damage in order to obstruct

5   the administration of justice?

6          THE DEFENDANT:  Yes, sir, I understand that.

7          THE COURT:  You also are agreeing that three

8   additional levels would apply because the offense involved a

9   substantial interference with the administration of justice?

10         THE DEFENDANT:  Yes, sir, I understand.

11         THE COURT:  An additional two levels would apply

12  because the offense involved extensive -- planning, excuse

13  me, that was extensive in scope and preparation?

14         THE DEFENDANT:  I understand that, sir.

15         THE COURT:  In addition, sir, there would be an

16  additional two levels that you've agreed to apply because --

17  for obstructive conduct, and that is specific to deleting of

18  your Facebook account following the events of January the

19  6th?

20         THE DEFENDANT:  I understand, sir.

21         THE COURT:  All right.

22         So now that provides, Mr. Young, a total adjusted

23  offense level of a 29.  You would receive, for accepting

24  responsibility, a reduction of three levels, for a total

25  offense level of 26.  Do you understand that?

1          THE DEFENDANT:  I understand that, sir.

2          THE COURT:  Now, Mr. Young, at this point, the 26

3   is just an estimate, and, as I said, one of the things that

4   happens prior to sentencing is a Presentence Report will be

5   prepared.  Part of that Presentence Report is the

6   recommendation will be made to me as to what the offense

7   level should be.  If it turns out that the offense level is

8   greater than 26 that's been recommended and I accept that as

9   greater than 26, do you understand that would not be a basis

10  to withdraw your plea, sir?

11         THE DEFENDANT:  Yes, sir, I understand.

12         THE COURT:  All right.

13         Then based upon a Criminal History Category of I

14  and a total offense level of 26, sir, do you understand that

15  the estimated Guidelines Range in this case is 63 months to

16  78 months of incarceration?

17         THE DEFENDANT:  Yes, sir, I understand.

18         THE COURT:  And that the estimated fine range is

19  25,000 to $250,000?

20         THE DEFENDANT:  I understand, sir.

21         THE COURT:  Now, Mr. Young, again, these

22  Guidelines Ranges that I've just discussed with you, those

23  are just estimates.  Do you understand that?

24         THE DEFENDANT:  Yes, sir.

25         THE COURT:  And, again, as I said, before

1    sentencing, a probation officer will prepare a report for

2    me, and if it turns out and I accept that the Guidelines

3    Range are higher than 63 to 78 months and greater than

4    25,000 to $250,000, if it turns out to be higher, that would

5    not be a basis for you to withdraw your plea?

6              THE DEFENDANT:  Yes, sir, I understand that.

7              THE COURT:  All right.

8              Now, as part of this plea agreement, Mr. Young,

9    both parties have agreed, with one exception, to not ask for

10   any upward -- that is, the government has not asked for --

11   has agreed that it will not ask for an upward departure from

12   the Guidelines Range; that is, assuming that the Guidelines

13   are 63 to 78 months, they won't ask for an increase of that

14   Guidelines Range.  Do you understand that?

15             THE DEFENDANT:  Yes, sir.

16             THE COURT:  Likewise, Mr. Young, you've agreed not

17   to ask for a downward departure; that is, a reduction in

18   that Guidelines Range.  Is that understood?

19             THE DEFENDANT:  Yes, I understand, sir.

20             THE COURT:  All right.

21             Now, there is one important exception to that,

22   Mr. Young, and that is what's called a 5K1.1 motion, and

23   that is the result of your agreement to cooperate.  Because

24   of your agreement to cooperate, the government has the

25   ability to file this motion, and if I accept that motion,

1    that would allow the government to ask me to ask for a lower

2    Guidelines Range than the one I determined.  Is that

3    understood?

4            THE DEFENDANT:  Yes, I understand that, sir.

5            THE COURT:  All right.

6            Now, Mr. Young, in terms of filing that 5K1.1

7    motion, I want you to understand that the decision whether

8    to file that motion rests exclusively with the government.

9    Is that understood?

10           THE DEFENDANT:  Yes, sir, I understand.

11           THE COURT:  And so ultimately, for example, if you

12   think you've cooperated and you've done what you're supposed

13   to do, but they disagree and they say we're not filing one,

14   my hands are tied, there's nothing I can do about that.

15   Is that understood?

16           THE DEFENDANT:  I understand, sir.

17           THE COURT:  And you also understand, Mr. Young,

18   that if the government does file the motion, the ultimate

19   decision about whether to grant the motion, that's my

20   decision?

21           THE DEFENDANT:  Yes, sir, I understand.

22           THE COURT:  And if for whatever reason I were not

23   to grant the motion, Mr. Young, that would not be a basis

24   for you to withdraw your plea.  Is that understood?

25           THE DEFENDANT:  Yes, sir, I understand.

1          THE COURT:  Okay.

2          Now, you've also agreed, Mr. Young, not to ask for

3    a different offense level in this case.  So what that means

4    is that you've agreed that the appropriate offense level in

5    this case, it will be at least a 26.  Is that understood?

6          THE DEFENDANT:  Yes, sir, I understand.

7          THE COURT:  Now, you have, however, reserved the

8    right to argue for a different Criminal History score,

9    although for you since your Criminal History score is

10   Category I, that's unlikely to happen?

11         THE DEFENDANT:  Yes, sir, correct.

12         THE COURT:  Okay.

13         Now, let me just make sure you understand,

14   Mr. Young, that with respect to this Guidelines Range, has

15   anybody -- do you understand, Mr. Young, that the Guidelines

16   Range that's recommended to me by the parties is not binding

17   upon me?

18         THE DEFENDANT:  I understand that, sir.

19         THE COURT:  And that ultimately, the decision as

20   to what the Guidelines Range will be, that's my decision and

21   my decision alone?

22         THE DEFENDANT:  Yes, sir, I understand.

23         THE COURT:  All right.

24         Now, do you understand, Mr. Young, that as part of

25   this plea agreement, the government has not made any promise

1  to you about what sentence it will seek?

2          THE DEFENDANT:  Yes, sir, I understand that.

3          THE COURT:  And so what that means is the

4  government has reserved the right in this case to ask for a

5  sentence that's either within the Guidelines, below the

6  Guidelines, and also above the Guidelines.  Is that

7  understood?

8          THE DEFENDANT:  Yes, sir, I understand.

9          THE COURT:  And so the government in this case can

10  ask for a sentence that's up to the statutory maximum

11  penalty?

12          THE DEFENDANT:  I understand, sir.

13          THE COURT:  Now, you, Mr. Young, have reserved the

14  right to ask for a sentence that is below the Guidelines.

15  And what that means, Mr. Young, is that in addition to the

16  Guidelines, I need to consider a whole host of statutory

17  factors in deciding what the sentence is in this case.

18  Among the factors I can consider are your education, your

19  family, your occupational history, any prior criminal

20  conduct, and, of course, the conduct that's at issue here,

21  and any number of other factors that might be relevant.

22  Do you understand that, sir?

23          THE DEFENDANT:  I understand, sir.

24          THE COURT:  And I would consider all of those

25  factors, along with the Sentencing Guidelines, in making a

 1    final determination as to what the appropriate sentence is

 2    in this case?

 3              THE DEFENDANT:  Yes, sir.

 4              THE COURT:  And you can ultimately ask, as I've

 5    said, in light of those factors, for a sentence below the

 6    Guidelines Range.  Is that understood?

 7              THE DEFENDANT:  I understand, sir.

 8              THE COURT:  Now, do you understand, Mr. Young,

 9    that I'm able to -- I'm not constrained in any way in terms

10    of the sentence here other than I cannot sentence you to

11    more than the statutory maximum?

12              THE DEFENDANT:  I understand, sir.

13              THE COURT:  And what that means is I can sentence

14    you to within the Guidelines, below the Guidelines, or even

15    above the Guidelines?

16              THE DEFENDANT:  Yes, sir, I understand.

17              THE COURT:  And has anybody promised you,

18    Mr. Young, what sentence I will impose upon you in this

19    case?

20              THE DEFENDANT:  No, sir, no promises.

21              THE COURT:  Okay.

22              And then ultimately what that means, Mr. Young, is

23    if you're not happy with the sentence I give you, that would

24    not be a basis for you to withdraw your plea.  Is that

25    understood?

1          THE DEFENDANT:  Yes, sir, I understand.

2          THE COURT:  All right.

3          Now, Mr. Young, an additional part of this

4    plea agreement is that you've agreed to pay restitution.

5    Restitution is an amount that you'll pay essentially to pay

6    back the victim for any injury that's been incurred by the

7    offense.

8          You've acknowledged, as part of this

9    plea agreement, that the riot caused nearly $1.5 million in

10   damages to the U.S. Capitol building.  Do you understand

11   that?

12         THE DEFENDANT:  Yes, sir, I understand.

13         THE COURT:  And you've agreed to a pay, as part of

14   this plea agreement, $2,000 in restitution.  Is that

15   understood?

16         THE DEFENDANT:  I agree, sir.

17         THE COURT:  All right.

18         Now, Mr. Young, it is my job ultimately and my

19   responsibility to determine what that restitution amount is.

20   And if it turns out I determine that the restitution amount

21   is more than $2,000, that's not a basis to withdraw your

22   plea?

23         THE DEFENDANT:  Okay.  Yes, sir.

24         THE COURT:  All right.

25         Now, Mr. Young, let's talk about another document

1    that should be in front of you, it's called the Statement of

2    Offense.  Do you have that in front of you, sir?

3              THE DEFENDANT:  Yes, sir, I have it.

4              THE COURT:  All right.

5              Now, this is a six-page document -- excuse me, it

6    is a six-page document.  I want to make sure that this is

7    the Statement of Offense that is associated with your

8    plea agreement?

9              THE DEFENDANT:  Yes, sir, it is.

10             THE COURT:  And is that your -- on page 6, is that

11   your signature, Mr. Young?

12             THE DEFENDANT:  Yes, sir, that's my signature.

13             THE COURT:  Have you had an opportunity to read

14   this Statement of Offense or have you had it read to you,

15   sir?

16             THE DEFENDANT:  Several times, sir.

17             THE COURT:  And any questions that you have about

18   this Statement of Offense or have had about this Statement

19   of Offense, have they been answered to your satisfaction?

20             THE DEFENDANT:  All questions have been answered,

21   yes, sir.

22             THE COURT:  Okay.

23             Before we turn to the Statement of Offense,

24   I'm going to ask the government to state what the elements

25   are of each offense.  So, Mr. Young, I'll ask you to listen

1   to that presentation and then I'll ask you whether you

2   understand what those elements are.

3            MR. NESTLER:  Yes, Your Honor.

4            For Count 1, conspiracy, in violation of 18 U.S.

5   Code 371, there are three elements:

6            First, the defendant entered into an agreement

7   with at least one other person to commit an offense, in this

8   case, that offense is obstruction of an official proceeding;

9            Two, the defendant knowingly participated in the

10  conspiracy with the intent to commit the offense;

11           And, three, at least one overt act was committed

12  in furtherance of the conspiracy.

13           For Count 2, which is obstruction of an official

14  proceeding, in violation of 18 U.S. Code 1512(c)(2), there

15  are two elements:

16           One, the defendant obstructed, influenced, or

17  impeded any official proceeding; and, two, the defendant

18  acted corruptly.

19           THE COURT:  All right.  Thank you, Counsel.

20           All right.  Mr. Young, do you understand those

21  elements of each of the offenses to which you're agreeing to

22  plead guilty?

23           THE DEFENDANT:  Yes, sir, I understand.

24           THE COURT:  All right.

25           Now, turning back to the Statement of Offense --

1  you can have a seat, Counsel.

2          Turning back to the Statement of Offense, this

3  Statement of Offense describes the conduct to which you're

4  admitting; is that correct, Mr. Young?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  And does this document fairly and

7  accurately contain your conduct that is the basis of your

8  guilty pleas this afternoon, sir?

9          THE DEFENDANT:  Yes, sir, it does.

10          THE COURT:  And specifically, Mr. Young, let me

11  just make sure -- I'm going to confirm for you paragraph 16

12  of the plea agreement in which you have agreed that at the

13  time you forcibly entered the Capitol building, you believe

14  that you and co-conspirators were trying to obstruct,

15  influence, and impede any official -- an official

16  proceeding, and specifically that is a proceeding before

17  Congress; that is, the certification of the Electoral

18  College vote.

19          THE DEFENDANT:  Yes, sir, that is correct.

20          THE COURT:  All right.

21          Now, Mr. Young -- all right.

22          Let me just make sure, I think I asked, but let me

23  ask again, which is that:  The Statement of Offense

24  document, does this document fairly and accurately describe

25  your conduct that is the basis for your plea this afternoon?

1          THE DEFENDANT:  Yes, sir, it does.

2          THE COURT:  Okay.

3          Now, one more thing before we turn to the rights

4    that you are waiving, Mr. Young, that is, the conditions of

5    release.  The government has agreed -- or I should say not

6    agreed that they will ask for any change in conditions

7    pending your release -- excuse me, pending your sentencing.

8    Is that understood?

9          THE DEFENDANT:  Can you repeat that?

10         THE COURT:  Let me repeat that.  That was

11   inartfully worded.

12         The government has not said it will ask for any

13   change of conditions?

14         THE DEFENDANT:  Okay.  Yes, sir, I understand

15   that.

16         THE COURT:  Okay.

17         Now, Mr. Young, other than the promises that you

18   and I have just discussed, as well as those that have been

19   made in this plea agreement, has anyone made any other

20   promises to you to get you to plead guilty this afternoon?

21         THE DEFENDANT:  No, sir.

22         THE COURT:  Okay.

23         Now, let's talk, Mr. Young, about the rights that

24   you are waiving by agreeing to plead guilty.

25         Fist and foremost, Mr. Young, do you understand

1    that you are not required to plead guilty and that you have

2    a right to go to trial on the charges if you wish?

3              THE DEFENDANT:  Yes, sir.

4              THE COURT:  If you went to trial, Mr. Young, you

5    would be presumed innocent and the government would bear the

6    burden of proving your guilt beyond a reasonable doubt, and

7    the government would bear that burden and it would be

8    required to convince 12 jurors to convict you unanimously.

9    Is that understood?

10             THE DEFENDANT:  Yes, sir, I understand.

11             THE COURT:  However, by entering this plea this

12   afternoon, Mr. Young, you are giving up your right to be

13   presumed innocent?

14             THE DEFENDANT:  Yes, sir.

15             THE COURT:  And you're giving up your right to

16   have the government bear the burden of proving your guilt

17   beyond a reasonable doubt and convincing 12 jurors to

18   convict you unanimously.  Is that understood?

19             THE DEFENDANT:  I understand, sir.

20             THE COURT:  You also at trial, Mr. Young, would

21   have the right to have a lawyer; your counsel would

22   represent you at trial.  His job would be to, among other

23   things, question the government's witnesses, make motions,

24   and help you present a defense.  Is that understood?

25             THE DEFENDANT:  Yes, sir, I understand.

1              THE COURT:  By entering a plea, however,

2    Mr. Young, there won't be a trial, and, therefore, you're

3    giving up your right to have a lawyer with you at trial.

4    Is that understood?

5              THE DEFENDANT:  Yes, sir.

6              THE COURT:  You also would have the right to

7    present a defense and you could put on evidence on your

8    behalf if you wished, Mr. Young, but you would not be

9    required to do so, because you are presumed innocent.

10   Is that understood?

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  However, by entering a plea today,

13   Mr. Young, you're giving up your right to present a defense

14   and put on evidence on your own behalf.  Is that understood?

15             THE DEFENDANT:  Yes, sir, I understand.

16             THE COURT:  In addition, Mr. Young, you would have

17   the right to testify at trial.  You could get up on the

18   witness stand and testify and explain to the ladies and

19   gentlemen of the jury why you are not guilty of what you've

20   been charged with.  Is that understood?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  You also would have the right not to

23   testify, Mr. Young, and if you decided not to testify, I

24   would instruct the jury that that decision could not be used

25   against you.

1          THE DEFENDANT:  Yes, sir, I understand.

2          THE COURT:  By entering this plea, however, today,

3    Mr. Young, you're giving up your right to testify at trial.

4    Do you understand that?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  And you're also giving up your right

7    not to testify at trial and have me instruct the jury that

8    that decision could not be used against you.

9          THE DEFENDANT:  I understand, stir.

10          THE COURT:  Now, Mr. Young, if you were found

11    guilty following a trial, you would have a right to an

12    appeal.  There is a higher court called the D.C. Circuit.

13    The D.C. Circuit, you could appeal to them if you were found

14    guilty following a trial, and what that they would do is

15    they would review all of the evidence, they would review the

16    proceedings and make a determination if any legal errors

17    were made.  Do you understand that?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  And if you could not afford a lawyer

20    for purposes of appeal, the Court of Appeals would appoint

21    one for you.  Do you understand that, sir?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  However, Mr. Young, by entering this

24    plea today, you're giving up your right to an appeal.

25    Is that understood?

1          THE DEFENDANT:  I understand, sir.

2          THE COURT:  And you're also giving up your right

3   to have the Court appoint a lawyer for you for purposes of

4   an appeal following a trial.  Is that understood?

5          THE DEFENDANT:  Yes, sir, I understand.

6          THE COURT:  You also, Mr. Young, are giving up

7   your right to appeal your sentence in this case with a

8   couple of exceptions.

9          Following a sentence, you would have the right to

10  appeal any number of things:  The sentence itself, any

11  objections that I overruled, any legal decisions I made.

12  Any number of things that could come up at sentencing, you

13  would have the right to appeal that if I ruled against you.

14  Do you understand that?

15          THE DEFENDANT:  Yes, sir, I understand.

16          THE COURT:  And, again, if you appealed from your

17  sentence and couldn't afford a lawyer, the Court of Appeals

18  would appoint a lawyer for you.  Do you understand that,

19  sir?

20          THE DEFENDANT:  Yes, sir.

21          THE COURT:  However, Mr. Young, by virtue of your

22  plea today, you're giving up your right to appeal your

23  sentence with a couple of exceptions:  You're still

24  reserving your right to appeal any sentence that's above the

25  statutory maximum penalty and any sentence that might be

```
 1   above the Guidelines Range.  Do you understand that?

 2               THE DEFENDANT:  Yes, sir.

 3               THE COURT:  Finally, Mr. Young, you are preserving

 4   your right to raise on appeal that you've not received

 5   effective assistance from your lawyer.  Do you understand

 6   that, sir?

 7               THE DEFENDANT:  Yes, sir.

 8               THE COURT:  Okay.

 9               Now, as part of this plea, Mr. Young, you're also

10   giving up your right to file what's called a collateral

11   attack on your conviction and sentence.  That's a motion you

12   could file after you've been sentenced in which you argue

13   for some reason that there was a mistake made, there was

14   some misconduct, whatever the case may be, that your

15   conviction and sentence should be vacated.  Do you

16   understand that?

17               THE DEFENDANT:  Yes, sir.

18               THE COURT:  You are giving up your right to file a

19   collateral attack with a couple of exceptions, Mr. Young, by

20   virtue of this plea.  The two exceptions are that:  You can

21   still file a collateral attack motion based on newly

22   discovered evidence or if you believe you've not received

23   ineffective -- excuse me, if you believe you have received

24   ineffective assistance of counsel.

25               THE DEFENDANT:  I understand, sir.
```

1           THE COURT:  Okay.

2           Now, Mr. Young, if I accept your plea, those are

3    your trial rights and your legal rights, Mr. Young,

4    associated with this case.

5           In addition, if I accept your plea,

6    do you understand that you may be deprived of valuable civil

7    right, such as the right to vote, the right to hold certain

8    jobs, the right to serve on a jury, and the right to possess

9    a firearm?  Do you understand that?

10          THE DEFENDANT:  Yes, sir, I understand.

11          THE COURT:  All right.

12          Understanding all the rights that you're giving up

13   by pleading guilty, Mr. Young, that is, your trial rights,

14   your appeal rights, collateral-attack rights, and any civil

15   right that might be impaired, do you still wish to plead

16   guilty?

17          THE DEFENDANT:  Yes, sir, I do.

18          THE COURT:  Do you have any questions, Mr. Young,

19   about what rights you're giving up or anything else in

20   connection with this guilty plea?

21          THE DEFENDANT:  No, sir, I have no questions.

22          THE COURT:  And, Mr. Young, are you pleading

23   guilty because you are, in fact, guilty, sir?

24          THE DEFENDANT:  Yes, sir, I am.

25          THE COURT:  Has anybody forced you or threatened

1  you or coerced you in any away to get you to plead guilty?

2          THE DEFENDANT:  No, sir, no one has.

3          THE COURT:  All right.

4          Then on Count 1 of conspiracy, in violation of

5  18 U.S.C. 371, how do you plead?

6          THE DEFENDANT:  I plead guilty, sir.

7          THE COURT:  And on Count 2, obstruction of an

8  official proceeding, in violation of 18 United States Code

9  1512(c)(2), how do you plead?

10          THE DEFENDANT:  I plead guilty.

11          THE COURT:  All right.

12          Are there any questions I didn't ask of Mr. Young

13  that I should have?

14          MR. NESTLER:  No, Your Honor.

15          MR. FOLEY:  None, Your Honor.

16          THE COURT:  Okay.

17          I do find then -- I'm satisfied that Mr. Young

18  understands his rights and what he is waiving and agreeing

19  to plead guilty, I find that he's entering his plea

20  voluntarily, I also find that there's a factual basis for

21  the plea, and, therefore, I accept Mr. Young's plea and find

22  him guilty of one count of conspiracy, in violation of

23  18 U.S.C. 371, and one count of obstruction of an official

24  proceeding, in violation of 18 U.S.C. 1512(c)(2).

25          Now, Mr. Young, prior to your sentencing, a couple

1   things will happen.  As I said earlier, there will be a

2   Presentence Report prepared.  A probation officer will seek

3   to interview you, you can have your lawyer present for that

4   interview, and gather information about your past and your

5   history that will be provided to me.  As I said, you can

6   have your lawyer with you at that interview, you will have

7   the right to review that report before it is finalized.

8            And then finally, Mr. Young, prior to your

9   sentencing, through your counsel, you can provide me with

10  any information you wish for me to consider at sentencing.

11  Is that understood?

12           THE DEFENDANT:  Yes, sir, I understand.

13           THE COURT:  And then, Mr. Young, you also will

14  have the opportunity, if you wish, to address me at

15  sentencing.

16           THE DEFENDANT:  Yes, sir, I understand.

17           THE COURT:  Okay.

18           Why don't you have a seat, Mr. Young, and let's

19  talk about next steps and scheduling.

20           Does the government want to defer sentencing at

21  this point?

22           MR. NESTLER:  Yes, Your Honor.

23           THE COURT:  Okay.

24           So I think -- why don't we -- do you all want to

25  just submit something in 60 days?

1          MR. NESTLER:  That would be great, Your Honor.

2          THE COURT:  Just file a Joint Status Report in

3    60 days that tells me what you'd like to do and we'll take

4    it from there.

5          MR. NESTLER:  Can we respectfully ask the Court

6    not to order a Presentence Report at this time?

7          THE COURT:  I haven't ordered one, so we'll hold

8    off on doing that.

9          MR. NESTLER:  Thank you, Your Honor.

10         THE COURT:  All right.

11         Anything else?  Anything from defense counsel?

12         MR. FOLEY:  No, Your Honor.

13         THE COURT:  All right.  Very good.

14         So Mr. Young will continue to be on release,

15    subject to the conditions that he is presently on.

16         Any requests for modifying those conditions?

17         MR. NESTLER:  Not at this time, Your Honor.

18         MR. FOLEY:  Not at this time, Your Honor.

19         THE COURT:  Okay.  Very good.

20         All right.  Thank you all very much.

21         MR. NESTLER:  Thank you.

22         COURTROOM DEPUTY:  All rise.

23         This court is adjourned until the return of court.

24         (Proceedings concluded at 2:36 p.m.)

25

C E R T I F I C A T E

   I, William P. Zaremba, RMR, CRR, certify that
the foregoing is a correct transcript from the record of
proceedings in the above-titled matter.


Date:__June 25, 2021_____  /S/__William P. Zaremba_____

            William P. Zaremba, RMR, CRR

**COURTROOM DEPUTY: [5]** 3/2 3/5 7/13 7/15 37/22
**MR. FOLEY: [11]** 4/3 4/5 4/17 5/5 5/12 5/21 6/8 8/15 35/15 37/12 37/18
**MR. NESTLER: [10]** 5/24 8/14 26/3 35/14 36/22 37/1 37/5 37/9 37/17 37/21
**THE COURT: [144]**
**THE DEFENDANT: [122]**

**$**

**$1.5 [1]** 24/9
**$1.5 million [1]** 24/9
**$100 [2]** 14/16 15/9
**$2,000 [2]** 24/14 24/21
**$200 [1]** 15/10
**$250,000 [1]** 14/3 14/22 18/19 19/4

**/**

**/S [1]** 38/7

**1**

**1030 [1]** 2/3
**12 [2]** 29/8 29/17
**13 [1]** 9/25
**13-page [1]** 9/20
**14 [1]** 16/25
**1512 [5]** 9/14 11/12 26/14 35/9 35/24
**152412 [1]** 2/13
**16 [1]** 27/11
**18 [2]** 9/13 35/8
**18 U.S [2]** 26/4 26/14
**18 U.S.C [6]** 9/11 11/10 11/12 35/5 35/23 35/24
**1966 [1]** 7/23

**2**

**20 [1]** 14/20
**20001 [1]** 2/12
**202 [2]** 1/15 2/13
**2021 [2]** 1/5 38/7
**20530 [1]** 1/14
**21-28-6 [2]** 1/4 3/6
**2259 [1]** 2/7
**23 [1]** 1/5
**239 [1]** 2/4
**239-690-6080 [1]** 2/8
**25 [1]** 38/7
**25,000 [2]** 18/19 19/4
**252-7277 [1]** 1/15
**26 [6]** 17/25 18/2 18/8 18/9 18/14 21/5
**286-2905 [1]** 2/4
**29 [1]** 17/23
**2905 [1]** 2/4
**2:00 [1]** 1/6
**2:36 [1]** 37/24
**2J1.2 [1]** 16/24

**3**

**3249 [1]** 2/13
**333 [1]** 2/12
**33901 [1]** 2/7
**33990 [1]** 2/3
**354-3249 [1]** 2/13
**371 [5]** 9/11 11/11 26/5 35/5 35/23

**5**

**555 [1]** 1/14
**5K1.1 [2]** 19/22 20/6
**5th [1]** 7/23

**6**

**60 [1]** 36/25
**60 days [1]** 37/3
**6080 [1]** 2/8
**63 [3]** 18/15 19/3 19/13
**6th [1]** 17/19

**7**

**7277 [1]** 1/15
**78 [3]** 18/16 19/3 19/13

**9**

**9th [1]** 2/3

**A**

**ability [1]** 19/25
**able [1]** 23/9
**about [22]** 4/24 9/1 10/8 11/15 11/25 12/8 12/9 13/17 13/20 13/21 13/23 16/20 20/14 20/19 22/1 24/25 25/17 25/18 28/23 34/19 36/4 36/19
**above [5]** 22/6 23/15 32/24 33/1 38/4
**above-titled [1]** 38/4
**Absolutely [1]** 9/6
**accept [7]** 6/17 18/8 19/2 19/25 34/2 34/5 35/21
**accepting [1]** 17/23
**account [1]** 17/18
**accounting [1]** 13/13
**accurately [3]** 11/15 27/7 27/24
**acknowledged [1]** 24/8
**act [1]** 26/11
**acted [1]** 26/18
**actions [1]** 11/16
**addition [4]** 17/15 22/15 30/16 34/5
**additional [4]** 17/8 17/11 17/16 24/3
**Additionally [1]** 11/13
**address [1]** 36/14
**adjourned [1]** 37/23
**adjusted [1]** 17/22
**administration [4]** 5/11 5/17 17/5 17/9
**admitting [1]** 27/4
**afford [2]** 31/19 32/17
**after [2]** 16/13 33/12

**3**

**11 4/16 9/2 27/8 27/25 28/20 29/12
**again [4]** 18/21 18/25 27/23 32/16
**against [5]** 11/21 13/5 30/25 31/8 32/13
**agree [3]** 5/8 12/22 24/16
**agreed [19]** 11/8 11/13 11/17 12/17 12/20 12/23 13/7 13/12 17/16 19/9 19/11 19/16 21/2 21/4 24/4 24/13 27/12 28/5 28/6
**agreeing [7]** 11/2 11/3 17/2 17/7 26/21 28/24 35/18
**agreement [28]** 1/9 5/16 5/18 5/21 6/20 9/17 9/21 10/14 10/15 10/17 10/20 10/22 11/5 11/8 11/24 12/1 12/9 19/8 19/23 19/24 21/25 24/4 24/9 24/14 25/8 26/6 27/12 28/19
**agrees [1]** 4/21
**ahead [1]** 4/12
**aided [1]** 2/14
**all [49]**
**All right [17]** 7/8 8/10 8/16 9/7 10/12 15/12 16/19 17/21 18/12 19/7 24/17 24/24 25/4 26/24 34/11 35/3 35/11
**allow [1]** 20/1
**alone [1]** 21/21
**along [1]** 22/25
**also [21]** 5/8 12/23 13/3 13/7 13/9 14/15 15/8 15/15 17/7 20/17 21/2 22/6 29/20 30/6 30/22 31/6 32/2 32/6 33/9 35/20 36/13
**although [1]** 21/9
**am [2]** 15/15 34/24
**AMERICA [2]** 1/3 3/6
**AMIT [1]** 1/10
**among [5]** 12/16 12/17 16/10 22/18 29/22
**amount [3]** 24/5 24/19 24/20
**another [2]** 12/8 24/25
**answer [1]** 7/5
**answered [4]** 10/8 10/11 25/19 25/20
**any [43]**
**anybody [4]** 6/6 21/15 23/17 34/25
**anyone [1]** 28/19
**anything [5]** 6/6 8/3 34/19 37/11 37/11
**appeal [12]** 31/12 31/13 31/20 31/24 32/4 32/7 32/10 32/13 32/22 32/24 33/4 34/14
**appealed [1]** 32/16
**Appeals [2]** 31/20

**attention [1]** 11/9
**APPEARANCES [2]** 1/12 1/16
**appears [1]** 10/1
**applicable [1]** 5/19
**applies [1]** 16/21
**apply [4]** 17/2 17/8 17/11 17/16
**appoint [3]** 31/20 32/3 32/18
**approach [1]** 6/11
**appropriate [2]** 21/4 23/1
**April [1]** 7/23
**are [37]** 4/21 6/19 6/20 7/5 7/16 9/4 10/21 12/17 13/10 15/13 15/15 15/21 17/2 17/7 18/23 19/3 19/13 20/14 22/18 25/25 26/2 26/5 26/15 28/4 28/24 29/1 29/12 30/9 30/19 32/6 33/3 33/18 33/20 34/2 34/22 34/23 35/12
**argue [2]** 21/8 33/12
**as [53]** 7/6 8/17 8/18 11/8 15/21 16/4 18/3 18/6 18/8 18/25 19/8 21/19 21/24 23/1 23/4 24/8 24/13 28/18 28/18 33/9 34/7 36/1 36/5
**ask [25]** 3/13 6/10 6/18 7/1 7/11 9/19 9/19 9/9 19/11 19/13 19/17 20/1 20/1 21/2 22/4 22/10 22/14 23/4 25/24 25/25 26/1 27/23 28/6 28/12 35/12 37/5
**asked [3]** 6/25 19/10 27/22
**asking [1]** 7/10
**aspect [1]** 12/9
**assessment [2]** 14/16 15/9
**assets [2]** 13/9 13/14
**assistance [2]** 33/5 33/24
**associated [3]** 15/14 25/7 34/4
**assuming [1]** 19/12
**attack [3]** 33/11 33/19 33/21 34/14
**attained [1]** 7/25
**attorney [1]** 10/10
**ATTORNEY'S [3]** 1/13 11/25 12/2
**Ave [1]** 2/3
**Avenue [2]** 2/7 2/12
**aware [1]** 11/25
**away [1]** 35/1

**B**

**back [4]** 4/12 24/6 26/25 27/2
**Barrett [1]** 2/11
**Base [2]** 16/25 17/1
**based [3]** 8/17 18/13 33/21

**basic [1]** 6/20
**basis [9]** 16/16 18/9 19/5 20/23 23/24 24/21 27/7 27/25 35/20
**be [41]**
**bear [3]** 29/5 29/7 29/16
**because [8]** 10/19 17/2 17/8 17/12 17/16 19/23 30/9 34/23
**been [10]** 4/24 14/12 16/2 18/8 24/6 25/19 25/20 28/18 30/20 33/12
**before [14]** 1/10 3/12 4/19 6/7 7/5 7/10 11/24 12/9 12/18 18/25 25/23 27/16 28/3 36/7
**begin [1]** 3/13
**behalf [2]** 30/8 30/14
**being [1]** 16/8
**believe [4]** 5/25 27/13 33/22 33/23
**below [4]** 22/5 22/14 23/5 23/14
**bench [1]** 3/18
**Bernardino [1]** 8/22
**beyond [2]** 29/6 29/17
**binding [1]** 21/16
**birth [1]** 7/21
**bob [1]** 2/8
**born [2]** 8/21 8/22
**both [2]** 3/13 19/9
**bound [1]** 10/21
**bring [2]** 11/18 11/21
**building [2]** 24/10 27/13
**burden [3]** 29/6 29/7 29/16

**C**

**California [1]** 8/23
**call [1]** 11/1
**called [26]** 15/16 16/10 19/22 25/1 31/12 33/10
**can [16]** 3/16 8/7 12/25 13/4 20/14 22/9 22/18 23/4 23/13 27/1 28/9 33/20 36/3 36/5 36/9 37/5
**cannot [1]** 23/10
**capable [1]** 8/19
**Cape [1]** 2/3
**Capitol [2]** 24/10 27/13
**case [17]** 3/6 5/9 12/12 15/21 15/22 18/15 21/3 21/5 22/4 22/9 22/17 23/2 23/19 26/8 32/7 33/14 34/4
**Category [4]** 16/6 16/15 18/13 21/10
**Category I [2]** 16/6 16/15
**cause [2]** 5/9 17/3
**caused [2]** 5/19 24/9
**causing [2]** 5/9 17/3
**certain [1]** 34/7
**certification [2]** 5/2

**C**

certification... [1] 27/17
Certified [1] 2/10
certify [1] 38/2
CH [1] 2/11
challenging [1] 4/23
chance [1] 15/17
change [2] 28/6 28/13
channel [1] 3/14
charge [1] 13/25
charged [1] 30/20
charges [7] 9/11 9/12 11/10 11/11 11/18 11/21 29/2
Circuit [2] 31/12 31/13
circumstances [1] 15/24
civil [2] 34/6 34/14
clarification [1] 4/11
Cleveland [1] 2/7
co [1] 27/14
co-conspirators [1] 27/14
Code [4] 9/13 26/5 26/14 35/8
coerced [1] 35/1
collateral [4] 33/10 33/19 33/21 34/14
collateral-attack [1] 34/14
College [2] 5/3 27/18
colloquy [2] 4/19 6/7
COLUMBIA [2] 1/1 1/11 24
come [1] 32/12
commit [2] 26/7 26/10
committed [3] 11/22 12/4 26/11
competence [1] 8/12
competent [1] 8/19
complete [2] 13/13 16/11
computer [1] 2/14
computer-aided [1] 2/14
concluded [1] 37/24
conditions [5] 28/4 28/6 28/13 37/15 37/16
conduct [8] 11/18 16/12 17/17 22/20 22/20 27/3 27/7 27/25
conference [1] 3/18
confirm [6] 4/20 4/21 5/1 5/15 6/5 27/11
confirmation [1] 4/11
Congress [1] 27/17
connection [1] 34/20
consequence [1] 16/4
consider [5] 15/15 22/16 22/18 22/24 36/10
conspiracy [9] 9/11 11/10 13/23 13/25 26/4 26/10 26/12 35/4 35/22
conspirators [1] 27/14
constitutes [1] 5/3
Constitution [1] 2/12

consult [1] 7/4
contain [1] 27/7
contest [1] 5/2
continue [1] 37/14
CONTINUED [1] 2/1
contraband [1] 13/8
controls [1] 16/23
convict [2] 29/8 29/18
conviction [2] 33/11 33/15
convince [1] 29/8
convincing [1] 29/17
cooperate [3] 12/12 19/23 19/24
cooperated [1] 20/12
cooperation [1] 12/11
Coral [1] 2/3
correct [4] 4/17 5/5 5/12 6/14 6/15 9/14 9/15 21/11 27/4 27/19 38/3
correctly [1] 4/15
corruptly [1] 26/18
could [9] 7/18 30/7 30/17 30/24 31/8 31/13 31/19 32/12 33/12
couldn't [1] 32/17
counsel [5] 3/10 4/19 6/10 7/5 8/11 8/18 9/8 12/25 12/25 26/19 27/1 29/21 33/24 36/9 37/11
count [12] 9/10 9/12 11/9 11/11 11/23 14/18 26/4 26/13 35/4 35/7 35/22 35/23
Count 1 [5] 9/10 11/9 13/23 26/4 35/4
Count 2 [4] 9/12 11/11 26/13 35/7
counts [3] 9/9 11/20 13/20
couple [6] 4/20 4/25 32/8 32/23 33/19 35/25
course [1] 22/20
court [14] 1/1 2/9 2/11 4/9 8/4 14/16 15/9 31/12 31/20 32/3 32/17 37/5 37/23 37/23
Courtroom [1] 7/12
CR [1] 1/4
crimes [2] 12/3 13/8 13/9
criminal [14] 3/5 11/22 15/22 16/1 16/3 16/5 16/5 16/12 16/14 16/14 16/15 18/13 21/8 21/9 22/19
CRR [2] 38/2 38/8

**D**

D.C [4] 1/5 1/14 2/12 11/23
D.C. [2] 31/12 31/13
D.C. Circuit [2] 31/12 31/13
damage [2] 5/10 17/4
damages [1] 24/10
date [2] 7/21 38/7

decided [1] 30/23
deciding [1] 22/17
decision [8] 20/7 20/19 20/20 21/19 21/20 21/21 30/24 31/18
decisions [1] 32/11
defendant [8] 1/7 2/2 4/21 7/14 26/6 26/9 26/16 26/17
defense [9] 3/9 5/21 6/8 6/12 8/15 29/24 30/7 30/13 37/11
defer [1] 36/20
degree [1] 7/25
deleting [1] 17/17
Denis [1] 2/6
departure [2] 19/11 19/17
depend [1] 15/22
deprived [1] 34/6
Deputy [1] 7/12
describe [1] 27/24
described [1] 11/18
describes [2] 11/16 27/3
designed [1] 6/19
Desiree [3] 2/2 2/2 3/9
detail [1] 12/16
determination [2] 23/1 31/16
determine [2] 24/19 24/20
determined [2] 16/2 20/2
did [2] 5/9 7/24
didn't [1] 35/12
different [2] 21/3 21/8
difficult [2] 8/4 8/7
disagree [1] 20/13
discovered [1] 33/22
discuss [1] 15/17
discussed [2] 18/22 28/18
dismiss [1] 11/19
DISTRICT [4] 1/1 1/1 1/10 11/24
do [49]
do you [15] 12/13 14/19 17/25 18/14 22/22 31/4 31/17 31/21 32/18 33/5 34/9 34/15 35/5 35/9 36/24
do you have [2] 9/16 34/18
do you understand [10] 12/18 13/24 17/1 21/15 21/24 23/8 24/10 26/20 28/25 34/6
document [13] 9/20 9/20 9/25 10/1 10/5 10/8 11/14 24/25 25/5 25/6 27/6 27/24 27/24
does [9] 8/11 10/20 16/9 20/18 27/6 27/9 27/24 28/1 36/20
doing [1] 37/8
don't [4] 6/25 10/19

done [1] 20/12
doubt [2] 29/6 29/17
downward [1] 19/17
drugs [1] 8/2
dwilson [1] 2/4

**E**

each [4] 10/21 15/25 25/25 26/21
earlier [1] 36/1
education [1] 22/18
effective [1] 33/5
eight [1] 17/2
either [3] 8/11 12/4 22/5
Electoral [2] 5/3 27/17
elements [4] 4/23 4/24 4/25 25/24 26/2 26/5 26/15 26/21
else [3] 8/3 34/19 37/11
Email [1] 1/15 2/4 2/8
enforcement [2] 12/21 12/24
engaged [1] 16/12
enough [1] 8/25
entails [1] 12/15
enter [4] 4/16 6/14 8/12 9/1
entered [3] 9/21 26/6 27/13
entering [8] 6/21 8/19 29/11 30/1 30/12 31/2 31/23 35/19
errors [1] 31/16
ESQ [1] 2/2
essentially [1] 24/5
estimate [1] 18/3
estimated [4] 16/2 16/3 18/15 18/18
estimates [1] 18/23
even [2] 23/14
events [1] 17/18
every [4] 10/14 10/15 10/21 15/22
everybody's [1] 5/16
everyone [1] 3/3
evidence [5] 13/8 30/7 30/14 31/15 33/22
example [1] 20/11
exception [2] 19/9 19/21
exceptions [4] 32/8 32/23 33/19 33/20
exchange [2] 11/4 11/17
exclusively [1] 20/8
excuse [4] 17/12 25/5 28/7 33/23
executing [1] 11/24
execution [1] 12/1
expenditure [1] 5/20
explain [1] 30/18
extensive [2] 17/12 17/13

**F**

Facebook [1] 17/18
fact [2] 16/14 34/23
factors [7] 15/22 15/25 22/17 22/18 22/21 22/25 23/5
facts [4] 4/22 15/24
factual [1] 35/20
fairly [3] 11/15 27/6 27/24
false [1] 7/18
falsely [1] 7/18
family [1] 22/19
far [1] 7/24
federal [1] 11/23
federalattorneyflorida.com [1] 2/5
feel [1] 7/1
file [8] 19/25 20/8 20/18 33/10 33/12 33/18 33/21 37/2
filing [2] 20/6 20/13
final [1] 23/1
finalized [1] 36/7
finally [6] 5/15 11/20 13/12 15/8 33/3 36/8
financial [1] 13/13
find [5] 8/18 35/17 35/19 35/20 35/21
fine [5] 14/3 14/12 14/22 15/6 18/18
firearm [1] 34/9
first [4] 10/25 13/19 16/1 26/6
Fist [1] 28/25
five [1] 13/25
FL [2] 2/3 2/7
Foley [2] 2/6 2/6 3/9 4/20
follow [2] 8/4 8/7
following [5] 17/18 31/11 31/14 32/4 32/5
forced [1] 34/25
forcibly [1] 27/13
foregoing [1] 38/3
foremost [1] 28/25
Fort [1] 2/7
found [2] 31/10 31/13
fourth [2] 1/14 9/10
free [1] 7/1
front [4] 6/11 9/17 25/1 25/2
full [1] 13/13
fully [1] 8/19
furtherance [1] 26/12
future [1] 12/4

**G**

gather [1] 36/4
generically [1] 11/1
gentlemen [1] 30/19
get [6] 4/19 4/25 6/4 28/20 30/17 35/1
give [1] 23/23
giving [15] 6/21 29/12 29/15 30/13 30/13 31/3 31/6 31/24 32/2 32/6 32/22 33/10 33/18

**G**

**giving... [2]** 34/12
34/19
**go [10]** 4/12 4/14 7/24
10/13 10/14 10/16
10/19 10/25 15/25 29/2
**go ahead [1]** 4/12
**going [13]** 3/13 7/11
9/9 9/19 10/13 10/16
10/16 10/25 12/16
13/19 15/24 25/24
27/11
**good [5]** 3/3 3/10 3/11
37/13 37/19
**Good afternoon [1]**
3/10
**government [21]** 1/13
3/8 5/20 11/3 11/17
13/4 19/10 19/24 20/1
20/8 20/18 21/25 22/4
22/9 25/24 28/5 28/12
29/5 29/7 29/16 36/20
**government's [1]**
29/23
**Grand [1]** 12/18
**Grand Jury [1]** 12/18
**grant [2]** 20/19 20/23
**GRAYDON [2]** 1/6 3/7
37/1
**great [1]** 37/1
**greater [1]** 18/8 18/9
19/3
**guess [1]** 3/14
**Guidelines [30]** 5/14
13/22 15/16 15/18
15/21 16/22 16/22
16/23 18/15 18/22 19/2
19/12 19/12 19/14
19/18 20/2 21/14 21/15
21/20 22/5 22/6 22/6
22/14 22/16 22/25 23/6
23/14 23/14 23/15 33/1
**Guidelines Range [7]**
18/15 19/12 19/14
19/18 20/2 21/14 33/1
**Guidelines Ranges [1]**
18/22
**guilt [2]** 29/6 29/16
**guilty [24]** 6/14 6/17
9/9 11/3 11/9 13/21
26/22 27/8 28/20 28/24
29/1 30/19 31/11 31/14
34/13 34/16 34/20
34/23 34/23 35/1 35/6
35/10 35/19 35/22

**H**

**had [7]** 8/25 10/4 10/8
15/16 25/13 25/14
25/18
**hand [2]** 7/11 7/13
**hands [1]** 20/14
**happen [2]** 21/10 36/1
**happens [1]** 18/4
**happy [1]** 23/23
**has [15]** 9/5 10/10
11/17 19/10 19/11
19/24 21/14 21/25 22/4
23/17 28/5 28/12 28/19

**have [59]**
**haven't [1]** 37/7
**he [2]** 35/18 37/15
**he's [2]** 4/23 35/19
**hearing [2]** 1/9 3/15
**help [1]** 29/24
**here [5]** 4/25 6/11
16/23 22/20 23/10
**higher [4]** 16/15 19/3
19/4 31/12
**him [1]** 35/22
**his [3]** 29/22 35/18
35/19
**history [13]** 15/23 16/1
16/4 16/5 16/5 16/11
16/14 16/15 18/13 21/8
21/9 22/19 36/5
**hold [2]** 34/7 37/7
**Honor [19]** 3/5 4/17 5/5
5/12 5/22 5/24 5/25 6/8
8/14 8/15 26/3 35/14
35/15 36/22 37/1 37/9
37/12 37/17 37/18
**HONORABLE [1]** 1/10
**host [1]** 22/16
**how [3]** 7/24 35/5 35/9
**however [8]** 12/2 21/7
29/11 30/1 30/12 31/2
31/23 32/21

**I**

**I also [2]** 15/15 35/20
**I believe [1]** 5/25
**I can [3]** 20/14 22/18
23/13
**I cannot [1]** 23/10
**I didn't [1]** 35/12
**I guess [1]** 3/14
**I have [2]** 25/3 34/21
**I haven't [1]** 37/7
**I just [2]** 5/1 11/1
**I misspoke [1]** 6/2
**I should [2]** 16/3 28/5
**I think [1]** 27/22
**I understand [31]** 3/12
4/15 6/13 12/6 12/14
12/19 13/6 14/2 14/7
14/14 15/1 15/4 15/7
17/6 17/14 17/20 18/1
18/11 18/20 19/6 21/18
21/22 22/12 22/23
23/12 26/23 28/14
29/19 31/9 32/1 33/25
**I want [1]** 25/6
**I was [1]** 8/22
**I will [1]** 23/18
**I'll [4]** 3/15 6/10 25/25
26/1
**I'm [18]** 3/13 7/9 7/11
9/19 10/13 10/14 10/16
10/16 10/17 10/25
12/16 13/19 15/24 23/9
23/9 25/24 27/11 35/17
**I'm going [9]** 7/11 9/19
10/13 10/16 10/16
10/25 13/19 15/24
27/11

**I've [5]** 6/25 8/17 10/6
18/22 23/4
**identify [1]** 13/9
**impaired [1]** 34/15
**impede [1]** 27/15
**impeded [1]** 26/17
**importance [1]** 12/9
**important [1]** 19/21
**impose [1]** 23/18
**inartfully [1]** 28/11
**incarceration [1]** 18/16
**increase [5]** 5/18 6/1
6/1 6/3 19/13
**incurred [1]** 24/6
**indictment [3]** 9/10
11/9 11/20
**ineffective [2]** 33/23
33/24
**influence [1]** 27/15
**influenced [1]** 26/16
**information [2]** 36/4
36/10
**informed [1]** 8/20
**injury [5]** 5/10 17/4
24/6
**innocent [3]** 29/5
29/13 30/9
**inquiries [1]** 8/17
**instead [1]** 9/8
**instruct [2]** 30/24 31/7
**intend [1]** 9/1
**intent [1]** 26/10
**interest [2]** 14/12 15/5
**interference [2]** 5/17
17/9
**interview [3]** 36/3 36/4
36/6
**interviews [2]** 12/20
12/24
**involve [1]** 5/9
**involved [3]** 17/3 17/8
17/12
**is [115]**
**Is that [4]** 20/15 30/4
30/10 31/25
**is that correct [3]** 6/14
9/14 27/4
**is there [2]** 6/6 8/6
**issue [1]** 22/20
**it [28]** 3/16 8/4 8/7 9/23
10/5 10/6 11/7 11/19
11/20 16/12 18/7 19/2
19/4 19/11 21/5 22/1
24/18 24/20 25/3 25/5
25/9 25/14 27/9 28/1
28/12 29/7 36/7 37/4
**it would be [1]** 29/7
**it's [6]** 3/14 9/15 9/20
16/2 16/2 25/1
**itself [1]** 32/10

**J**

**January [1]** 17/18
**Jeffrey [2]** 1/13 3/8
**jeffrey.nestler [1]** 1/16
**job [2]** 24/18 29/22

**Joint [1]** 37/2
**JUDGE [1]** 1/10
**June [2]** 1/5 38/7
**jurors [2]** 29/8 29/17
**jury [5]** 12/18 30/19
30/24 31/7 34/8
**just [24]** 3/13 3/13 3/16
3/16 4/20 4/21 4/24 5/1
5/15 6/4 6/10 6/11 9/19
10/19 11/1 18/3 18/22
18/23 21/13 27/11
27/22 28/18 36/25 37/2
**justice [4]** 5/11 5/17
17/5 17/9

**K**

**know [1]** 6/21
**knowingly [1]** 26/9

**L**

**ladies [1]** 30/18
**last [1]** 8/3
**law [5]** 2/6 11/23 12/21
12/24 15/15
**lawyer [13]** 9/1 9/5
15/17 15/17 29/21 30/3
31/19 32/3 32/17 32/18
33/5 36/3 36/6
**least [3]** 21/5 26/7
26/11
**lectern [1]** 6/11
**legal [6]** 4/23 4/24 5/1
31/16 32/11 34/3
**let [6]** 4/20 21/13 27/10
27/22 27/22 28/7 36/7
**let's [9]** 4/11 12/8
13/17 13/23 16/1 16/20
24/25 28/23 36/18
**level [14]** 5/18 5/25 6/1
6/3 16/20 16/25 17/1
17/23 17/25 18/7 18/7
18/14 21/3 21/4
**levels [5]** 17/2 17/8
17/11 17/16 17/24
**light [1]** 23/5
**like [1]** 37/3
**Likewise [1]** 19/16
**line [2]** 3/16 4/13
**listen [1]** 25/25
**look [1]** 9/20
**lower [1]** 20/1

**M**

**made [10]** 8/17 10/22
11/25 18/6 21/25 28/19
28/19 31/17 32/11
33/13
**main [1]** 16/22
**make [9]** 8/4 8/7 13/4
21/13 25/6 27/11 27/22
29/23 31/16
**making [2]** 7/18 22/25
**master's [1]** 7/25
**matter [1]** 38/4
**maximum [9]** 13/20
13/24 13/25 14/20
14/22 15/13 22/10

**may [6]** 10/7 11/22
12/4 16/12 33/14 34/6
**MBA [1]** 8/1
**me [24]** 4/20 6/17 6/19
7/1 17/13 18/6 19/2
20/1 21/13 21/16 21/17
25/5 27/10 27/22 27/22
28/7 28/10 31/7 33/23
36/5 36/9 36/10 36/14
37/3
**mean [1]** 10/21
**means [6]** 7/17 21/3
22/3 22/15 23/13 23/22
**meant [1]** 6/3
**mechanical [1]** 2/14
**medications [1]** 8/3
**MEHTA [1]** 1/10
**Merit [1]** 2/10
**might [5]** 8/3 8/7 22/21
32/25 34/15
**million [1]** 24/9
**misconduct [1]** 33/14
**misspoke [1]** 6/2
**mistake [1]** 33/13
**modifying [1]** 37/16
**moment [1]** 3/17
**momentarily [1]** 11/15
**months [4]** 18/15
18/16 19/3 19/13
**more [6]** 14/6 14/24
16/14 23/11 24/21 28/3
**motion [10]** 19/22
19/25 19/25 20/7 20/8
20/18 20/19 20/23
33/11 33/21
**motions [1]** 29/23
**move [1]** 11/19
**Mr [2]** 9/24 20/17
**Mr. [93]**
**Mr. Foley [1]** 4/20
**Mr. Young [90]**
**Mr. Young's [2]** 8/12
35/21
**much [1]** 37/20
**my [10]** 10/2 10/10
10/11 20/14 20/19
21/20 21/21 24/18
24/18 25/12
**Myers [1]** 2/7
**myself [1]** 7/1

**N**

**nearly [1]** 24/9
**need [3]** 6/18 7/4 22/16
**Nestler [2]** 1/13 3/8
**newly [1]** 33/21
**next [1]** 36/19
**no [16]** 1/4 3/6 5/1 5/6
8/5 8/14 16/3 23/20
23/20 28/21 34/21
34/21 35/2 35/2 35/14
37/12
**non [2]** 11/1 11/22
**non-sentencing [1]**
11/1
**non-violent [1]** 11/22
**None [3]** 8/9 8/15

## N

**None...** [1] 35/15
**not** [45]
**nothing** [2] 6/8 20/14
**now** [46]
**number** [4] 12/15
22/21 32/10 32/12
**NW** [2] 1/14 2/12

## O

**oath** [3] 7/10 7/14 7/17
**objection** [2] 5/1 5/6
**objections** [1] 32/11
**obligated** [2] 14/11
14/15
**obligation** [3] 14/8
15/2 15/5
**obstruct** [3] 5/10 17/4
27/14
**obstructed** [1] 26/16
**obstruction** [8] 5/4
9/12 11/11 14/19 26/8
26/13 35/7 35/23
**obstructive** [1] 17/17
**occupational** [1] 22/19
**off** [2] 3/16 37/8
**offense** [35] 5/8 5/19
11/14 11/19 11/22
13/10 15/24 16/20
16/25 17/1 17/3 17/8
18/7 18/14 21/3 21/4
24/7 25/2 25/7 25/14
25/18 25/19 25/23
25/25 26/7 26/8 26/10
26/25 27/2 27/3 27/23
**offenses** [4] 15/14
15/23 16/21 26/21
**OFFICE** [3] 1/13 11/25
12/2
**officer** [3] 16/9 19/1
36/2
**official** [12] 2/11 5/3
9/13 11/12 14/19 26/8
26/13 26/17 27/15
27/15 35/8 35/23
**okay** [29] 3/12 4/10
4/15 4/18 5/7 5/23 6/22
8/24 10/3 10/15 11/5
11/6 13/16 13/22 21/1
21/12 23/21 24/23
25/22 28/2 28/14 28/16
28/22 33/8 34/1 35/16
36/17 36/23 37/19
**one** [14] 18/3 19/9
19/21 20/2 20/13 26/7
26/11 26/16 28/3 31/21
35/2 35/22 35/23 37/7
**open** [2] 3/16 4/9
**opportunity** [3] 10/4
25/13 36/14
**order** [4] 5/10 6/17
17/4 37/6
**ordered** [1] 37/7
**orders** [2] 14/8 15/2
**other** [9] 8/6 11/18
11/21 22/21 23/10 26/7
28/17 28/19 29/22

## P

**p.m** [2] 1/6 37/24
**PA** [1] 2/6
**page** [5] 9/20 9/25 25/5
25/6 25/10
**paid** [2] 14/13 15/6
**paragraph** [2] 10/15
27/11
**part** [9] 10/20 11/8 18/5
19/8 21/24 24/3 24/8
24/13 33/9
**participated** [1] 26/9
**particular** [2] 10/20
16/21
**particularly** [1] 4/22
**parties** [2] 19/9 21/16
**past** [1] 36/4
**pay** [9] 14/8 14/11
14/15 15/2 15/5 24/4
24/5 24/5 24/13
**penalties** [4] 13/20
14/12 15/6 15/13
**penalty** [3] 13/24 22/11
32/25
**pending** [2] 28/7 28/7
**perfect** [1] 6/12
**perjury** [1] 7/18
**person** [2] 5/10 17/4
26/7
**phone** [1] 3/14
**physical** [2] 5/9 17/3
**pick** [1] 3/14
**place** [1] 7/9
**placed** [2] 7/14 7/16
**Plaintiff** [1] 1/4
**planning** [2] 10/14
17/12
**plea** [43]
**plea agreement** [10]
6/20 9/21 11/5 11/8
21/25 24/4 24/9 25/8
27/12 28/19
**plead** [14] 9/9 11/2
11/9 26/22 28/20 28/24
29/1 34/15 35/1 35/5
35/6 35/9 35/10 35/12
**pleading** [4] 13/21
15/23 34/13 34/22
**pleas** [1] 27/8
**Please** [1] 3/3
**point** [3] 6/24 18/2
36/21
**points** [2] 16/5 16/14
**portion** [1] 3/15
**portions** [1] 10/16
**possess** [1] 34/8
**preparation** [1] 17/13
**prepare** [1] 19/1
19/2 19/4 24/20
**over** [8] 6/11 10/13
10/14 10/16 10/19 11/1
13/8 15/25
**overruled** [1] 32/11
**overt** [1] 26/11
**owe** [1] 15/8
**own** [1] 30/14

**present** [5] 12/25
29/24 30/7 30/13 36/3
**presentation** [1] 26/1
**Presentence** [6] 16/10
16/11 18/4 18/5 36/2
37/6
**presently** [1] 37/15
**preserving** [1] 33/3
**presumed** [3] 29/5
29/13 30/9
**Prettyman** [1] 2/11
**prior** [7] 12/1 16/3 16/8
18/4 22/19 35/25 36/8
**prison** [2] 14/1 14/20
**probation** [3] 16/9 19/1
36/2
**proceed** [1] 6/7
**proceeding** [11] 5/3
9/13 11/12 14/19 26/8
26/14 26/17 27/16
27/16 35/8 35/24
**proceedings** [7] 1/9
2/14 8/4 8/8 31/16
37/24 38/4
**proceeds** [1] 13/8
**produced** [1] 2/14
**promise** [2] 10/21
21/25
**promised** [3] 12/11
12/12 23/17
**promises** [4] 12/15
23/20 28/17 28/20
**property** [5] 5/10 17/4
**prosecute** [1] 12/3
**prosecuted** [1] 7/18
**provide** [4] 12/11
12/17 13/13 36/9
**provided** [2] 9/5 36/5
**provides** [1] 17/22
**proving** [2] 29/6 29/16
**provision** [3] 5/19
16/22 16/22
**public** [3] 3/16 4/12
4/13
**purposes** [5] 5/4 5/13
5/16 31/20 32/3
**put** [2] 30/7 30/14

## Q

**question** [4] 6/25 7/5
8/12 29/23
**questions** [11] 6/18
6/19 7/10 10/7 10/8
10/11 25/17 25/20
34/18 34/21 35/12

## R

**raise** [4] 6/7 7/11 7/13
33/4
**range** [12] 18/15 18/18
19/3 19/12 19/14 19/18
20/2 21/14 21/16 21/20
23/6 33/1
**Ranges** [1] 18/22
**read** [5] 10/5 10/5 10/6
25/13 25/14

**reason** [4] 8/6 8/11
20/22 33/13
**reasonable** [2] 29/6
29/17
**receive** [2] 16/13 17/23
**received** [3] 33/4 33/22
33/23
**recommendation** [1]
18/6
**recommended** [2] 18/8
21/16
**reconnect** [1] 4/13
**record** [3] 4/12 6/5
38/3
**recorded** [1] 2/14
**REDACTED** [1] 1/7
**reduction** [2] 17/24
19/17
**Registered** [1] 2/10
**release** [5] 14/5 14/24
28/5 28/7 37/14
**relevant** [2] 22/21
**remaining** [1] 11/10
**repeat** [3] 7/1 28/9
28/10
**report** [10] 16/10 16/11
16/13 18/4 18/5 19/1
36/2 36/7 37/2 37/6
**Reporter** [4] 2/9 2/10
2/10 2/11
**represent** [1] 29/22
**representations** [1]
8/18
**request** [1] 12/25
**requests** [1] 37/16
**required** [6] 7/9 10/17
15/15 29/1 29/8 30/9
**reserved** [2] 21/7 22/4
22/13
**reserving** [2] 12/2
32/24
**resources** [1] 5/20
**respect** [2] 14/18 21/14
**respectfully** [1] 37/5
**responsibility** [2]
17/24 24/19
**restitution** [7] 14/9
15/3 24/4 24/5 24/14
24/19 24/20
**rests** [1] 20/8
**result** [1] 19/23
**return** [1] 37/23
**review** [3] 31/15 31/15
36/7
**right** [74]
**rights** [11] 6/21 28/3
28/23 34/3 34/3 34/12
34/13 34/14 34/14
34/19 35/18
**riot** [1] 24/9
**rise** [2] 3/2 37/22
**RMR** [2] 38/2 38/8
**Robert** [3] 2/6 2/6 3/9
**robertfoleylaw.com** [1]
2/8
**rule** [1] 10/17
**ruled** [1] 32/13

**said** [7] 5/25 18/3
18/25 23/5 28/12 36/1
36/5
**San** [1] 8/22
**satisfaction** [2] 10/9
25/19
**satisfied** [3] 4/24 9/4
35/17
**satisfy** [1] 6/19
**say** [3] 16/3 20/13 28/5
**scheduling** [1] 36/19
**school** [1] 7/24
**scope** [1] 17/13
**score** [2] 21/8 21/9
**SE** [1] 2/3
**seal** [1] 3/15
**Sealed** [1] 3/18
**seat** [2] 27/1 36/18
**seated** [1] 3/4
**second** [2] 14/18 15/9
**seek** [2] 22/1 36/2
**sentence** [22] 10/15
22/1 22/5 22/10 22/14
22/17 23/1 23/5 23/10
23/10 23/13 23/18
23/23 32/7 32/9 32/10
32/17 32/23 32/24
32/25 33/11 33/15
**sentenced** [2] 16/9
33/12
**sentencing** [19] 5/14
11/1 11/4 12/10 13/5
13/17 13/22 15/16
16/23 18/4 19/1 22/25
28/7 32/12 35/25 36/9
36/10 36/15 36/20
**separate** [1] 11/13
**series** [1] 6/18
**serve** [1] 34/8
**services** [1] 9/5
**set** [1] 4/14
**several** [2] 10/6 25/16
**should** [6] 16/3 18/7
25/1 28/5 33/15 35/13
**shut** [1] 3/16
**side** [1] 8/11
**sides** [1] 3/13
**signature** [4] 9/25 10/2
25/11 25/12
**since** [1] 21/9
**single** [1] 10/15
**sir** [130]
**sit** [1] 12/20
**six** [2] 25/5 25/6
**six-page** [2] 25/5 25/6
**so** [20] 3/12 3/15 4/11
4/15 4/19 6/6 6/10 6/13
7/10 15/21 17/22 20/11
21/3 22/3 22/9 25/25
30/9 36/24 37/7 37/14
**So I think** [1] 36/24
**some** [3] 4/22 33/13
33/14
**something** [1] 36/25
**special** [2] 14/16 15/9
**specific** [1] 17/17
**specifically** [2] 27/10

**S**

**specifically... [1]** 27/16
**stand [2]** 6/11 30/11
**start [2]** 7/10 16/1
**state [1]** 25/24
**statement [13]** 4/22
11/14 11/19 25/1 25/7
25/14 25/18 25/18
25/23 26/25 27/2 27/3
27/23
**statements [2]** 7/19
13/4
**STATES [8]** 1/1 1/3
1/10 3/6 8/21 9/13
12/12 35/8
**Status [1]** 37/2
**statute [1]** 5/4
**statutory [4]** 22/10
22/16 23/11 32/25
**stenography [1]** 2/14
**steps [1]** 36/19
**still [3]** 32/23 33/21
34/15
**stir [1]** 31/9
**Street [1]** 1/14
**subject [1]** 37/15
**submit [1]** 36/25
**substantial [3]** 5/17
5/20 17/9
**such [1]** 34/7
**superseding [1]** 9/10
**supervised [2]** 14/5
14/24
**supports [1]** 4/22
**supposed [1]** 20/12
**sure [4]** 21/13 25/6
27/11 27/22
**swear [1]** 7/12

**T**

**table [1]** 6/12
**take [2]** 9/19 37/3
**taken [1]** 8/2
**talk [13]** 8/25 11/15
12/8 12/9 13/17 13/20
13/21 13/23 15/17
16/20 24/25 28/23
36/19
**tells [1]** 37/3
**term [2]** 14/5 14/20
**terms [7]** 6/20 11/2
11/4 12/10 13/18 20/6
23/9
**Terrific [1]** 6/4
**testify [7]** 7/17 30/17
30/18 30/23 30/23 31/3
31/7
**testimony [1]** 12/17
**than [13]** 14/6 14/24
16/14 16/15 18/8 18/9
19/3 19/3 20/2 23/10
23/11 24/21 28/13
**Thank [5]** 7/15 26/19
37/9 37/20 37/21
**Thank you [3]** 7/15
37/9 37/20
**that [246]**
**that's [20]** 4/17 5/13

15/6 18/8 20/19 21/10
21/16 21/20 22/5 22/10
22/20 24/6 24/21 25/12
32/24 33/11
**them [4]** 12/16 12/16
12/17 31/13
**then [15]** 4/25 5/15 6/2
8/17 11/4 13/12 13/21
15/8 18/13 23/22 26/1
35/4 35/17 36/8 36/13
**there [17]** 5/5 5/19 6/6
6/12 8/6 16/9 17/15
19/21 26/5 26/14 30/2
31/12 33/13 33/13
35/12 36/1 37/4
**there's [4]** 5/1 5/2
20/14 35/20
**therefore [2]** 30/2
35/21
**these [6]** 4/20 7/10 8/4
8/8 16/21 18/21
**they [9]** 15/22 19/13
20/13 20/13 25/19 28/6
31/14 31/15 31/15
**thing [3]** 10/25 13/19
28/3
**things [7]** 4/20 16/10
18/3 29/23 32/10 32/12
36/1
**think [4]** 8/7 20/12
27/22 36/24
**this [64]**
**those [13]** 6/18 10/8
10/16 15/13 15/25
18/22 22/24 23/5 26/2
26/20 28/18 34/2 37/16
**threatened [1]** 34/25
**threatening [2]** 5/9
17/3
**three [9]** 6/1 6/3 14/6
14/25 15/22 17/7 17/24
26/5 26/11
**three-level [2]** 6/1 6/3
**through [1]** 36/9
**tied [1]** 20/14
**time [7]** 6/24 8/13 8/25
27/13 37/6 37/17 37/18
**timely [2]** 14/12 15/6
**times [2]** 10/6 25/16
**titled [2]** 11/14 38/4
**today [1]** 30/12 31/2
31/24 32/22
**total [4]** 15/9 17/22
17/24 18/14
**traceable [1]** 13/10
**transcript [3]** 1/9 2/14
38/3
**transcription [1]** 2/14
**trial [16]** 9/9 12/18 29/2
29/4 29/20 29/22 30/2
30/3 30/17 31/3 31/7
31/11 31/14 32/4 34/3
34/13
**trying [1]** 27/14
**turn [6]** 3/14 9/24 11/4
13/8 25/23 28/3
**turning [1]** 26/25 27/2

19/2 19/4 24/20
**two [2]** 5/18 5/25 8/3
9/9 13/20 15/14 17/11
17/16 26/9 26/15 26/17
33/20
**two-level [2]** 5/18 5/25

**U**

**U.S [5]** 1/13 16/23
24/10 26/4 26/14
**U.S. [2]** 11/25 12/2
**U.S. Attorney's Office
[2]** 11/25 12/2
**U.S.C [6]** 9/11 11/10
11/12 35/5 35/23 35/24
**ultimate [1]** 20/18
**ultimately [5]** 20/11
21/19 23/4 23/22 24/18
**unanimously [2]** 29/8
29/18
**under [5]** 3/15 7/9 7/14
7/17 16/23
**underlying [1]** 4/23
**understand [100]**
**Understanding [1]**
34/12
**understands [1]** 35/18
**understood [29]** 7/2
10/17 10/22 12/5 13/1
13/5 15/10 16/6 19/18
20/3 20/9 20/15 20/24
21/5 22/7 23/6 23/25
24/15 28/8 29/9 29/18
29/24 30/4 30/10 30/14
30/20 31/25 32/4 36/11
**UNITED [8]** 1/1 1/3
1/10 3/6 8/21 9/13
12/12 35/8
**United States [4]** 8/21
9/13 12/12 35/8
**unless [1]** 6/6
**unlikely [1]** 21/10
**unnecessary [1]** 5/20
**until [1]** 37/23
**up [20]** 3/14 6/11 6/21
22/10 29/12 29/15 30/3
30/13 30/17 31/3 31/6
31/24 32/2 32/6 32/12
32/22 33/10 33/18
34/12 34/19
**upon [4]** 8/17 18/13
21/17 23/18
**upward [2]** 19/10
19/11
**usdoj.gov [1]** 1/16
**used [3]** 13/4 30/24
31/8

**V**

**vacated [1]** 33/15
**valuable [1]** 34/6
**versus [1]** 3/6
**very [3]** 37/13 37/19
37/20
**victim [1]** 24/6
**violation [11]** 9/11 9/13
11/10 11/12 11/12 26/4

35/24
**violence [1]** 12/3
**violent [1]** 11/22
**virtue [2]** 32/21 33/20
**voluntarily [1]** 35/20
**vote [3]** 5/3 27/18 34/7
**vs [1]** 1/5

**W**

**waived [1]** 12/24
**waiving [3]** 28/4 28/24
35/18
**want [6]** 5/1 5/15 20/7
25/6 36/20 36/24
**wanted [1]** 6/4
**wants [1]** 6/6
**was [7]** 8/22 11/25
17/13 26/11 28/10
33/13 33/13
**Washington [3]** 1/5
1/14 2/12
**way [2]** 6/5 23/9
**we [9]** 3/12 3/16 4/19
11/15 12/9 25/23 28/3
36/24 37/5
**we will [1]** 11/15
**we'll [4]** 4/12 4/25 11/4
13/21 37/3 37/7
**we're [3]** 4/14 5/18
20/13
**welcome [1]** 7/5
**well [4]** 3/12 7/6 8/18
28/18
**went [1]** 29/4
**were [4]** 8/21 20/22
27/14 31/10 31/13
31/17
**what [30]** 6/3 6/20 6/21
7/17 7/21 10/16 11/1
11/2 11/3 15/15 18/6
20/12 21/3 21/20 22/1
22/3 22/15 22/17 23/1
23/13 23/18 23/22
24/19 25/24 26/2 30/19
31/14 34/19 35/18 37/3
**what's [2]** 16/10 19/22
33/10
**whatever [2]** 20/22
33/14
**whether [3]** 20/7 20/19
26/1
**which [17]** 9/10 9/12
9/21 11/10 11/11 11/14
11/14 11/25 13/20
15/23 16/12 26/13
26/21 27/3 27/12 27/23
33/12
**whole [1]** 22/16
**why [3]** 30/19 36/18
36/24
**will [28]** 3/15 7/12
11/15 11/18 11/19
11/21 13/7 13/9 15/8
16/9 16/11 18/4 18/6
19/1 19/11 21/5 21/20
22/1 23/18 28/6 28/12
36/1 36/1 36/2 36/5

35/6 36/13 37/14
**William [4]** 2/9 38/2
38/7 38/8
**Wilson [3]** 2/2 2/2 3/9
**wish [6]** 6/14 9/9 29/2
34/15 36/10 36/14
**wished [1]** 30/8
**withdraw [6]** 16/17
18/10 19/5 20/24 23/24
24/21
**within [3]** 11/23 22/5
23/14
**witness [1]** 30/18
**witnesses [1]** 29/23
**won't [2]** 19/13 30/2
**worded [1]** 28/11
**would [38]** 3/13 9/24
14/11 14/15 16/4 16/16
17/2 17/8 17/11 17/15
17/23 18/9 19/4 20/1
20/23 22/24 23/23 29/5
29/5 29/7 29/7 29/20
29/21 29/22 30/6 30/8
30/16 30/22 30/24
31/11 31/14 31/15
31/15 31/20 32/9 32/13
32/18 37/1

**Y**

**years [4]** 13/25 14/6
14/20 14/25
**yes [92]**
**you [214]**
**you understand [1]**
21/13
**you'd [1]** 37/3
**you'll [2]** 6/10 24/5
**you're [21]** 6/21 11/2
13/21 15/23 16/15
20/12 23/23 26/21 27/3
29/15 30/2 30/13 31/3
31/6 31/24 32/2 32/22
32/23 33/9 34/12 34/19
**you've [20]** 10/22 11/8
12/11 12/17 12/20
12/24 13/12 17/16
19/16 20/12 20/12 21/2
21/4 24/4 24/8 24/13
30/19 33/4 33/12 33/22
**YOUNG [94]**
**Young's [2]** 8/12 35/21
**your [101]**
**Your Honor [19]** 3/5
4/17 5/5 5/12 5/20 5/24
5/25 6/8 8/14 8/15 26/3
35/14 35/15 36/22 37/1
37/9 37/12 37/17 37/18

**Z**

**Zaremba [4]** 2/9 38/2
38/7 38/8
**zero [2]** 16/4 16/14